IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADON CONSTRUCTION INC. AND GREEN VISION LLC, | ) ) | CIVIL NO. 16-00568 DKW-RLP |
| | ) | FINDINGS AND RECOMMENDATION TO |
| Plaintiffs, | ) | DENY PLAINTIFFS ADON |
| | ) | CONSTRUCTION INC. AND GREEN |
| vs. | ) | VISION LLC'S MOTION TO REMAND |
| | ) | MATTER BACK TO THE FIRST CIRCUIT |
| RENESOLA AMERICA INC.; KIVALU RAMANLAL; ET AL., | ) ) | COURT OF THE STATE OF HAWAII |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS ADON
CONSTRUCTION INC. AND GREEN VISION LLC'S MOTION TO REMAND
MATTER BACK TO THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII[1]

Before the Court is Plaintiffs Adon Construction Inc.

and Green Vision LLC's Motion to Remand, filed December 2, 2016

("Motion").  ECF No. 16.  Plaintiffs assert that removal of this

action from state court was inappropriate because Defendant

Kivalu Ramanlal is a non-diverse defendant.  Id.  Defendants

filed Oppositions to the Motion on December 16, 2016, asserting

that jurisdiction in federal court is appropriate because Mr.

Ramanlal was fraudulently joined.  ECF Nos. 21, 22.  Plaintiffs

filed their Reply on December 30, 2015.  ECF No. 24.  The Court

found this matter suitable for disposition without a hearing

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

pursuant to Rule 7.2(d) of the Local Rules of Practice of the
United States District Court for the District of Hawaii.  ECF No.
11.  After carefully reviewing the submissions of the parties and
the relevant legal authority, the Court FINDS that this case was
properly removed and RECOMMENDS that the district court DENY
Plaintiffs' Motion.

BACKGROUND

Plaintiffs Adon Construction Inc. and Green Vision, LLC
are Hawaii businesses engaged in the installation of photovoltaic
("PV") panels and systems on residential and commercial
properties.  ECF No. 1-1 ¶¶ 1-3.  Defendant Renesola America Inc.
("Renesola") manufactures PV panels.  Id. ¶ 5.

Plaintiffs filed this action against Defendant Renesola
and Mr. Ramanlal on September 15, 2016.  ECF No. 1-1.  Plaintiffs
allege that Defendant Renesola supplied PV panels to Plaintiffs
from 2012 through 2014 for installation in over 200 residential
properties and 6 commercial properties.  Id. ¶ 14.  Plaintiffs
allege that Defendant Renesola failed to provide quality PV
panels, which has damaged Plaintiffs because Plaintiffs' clients
have rejected the defective products manufactured by Defendant
Renesola.  Id. ¶ 8.  Plaintiffs allege that they have paid
Defendant Renesola over $2.5 million for PV products and have
installed over 2,858 Renesola PV panels on residential projects
and over 6,030 Renesola PV panels on commercial projects.  Id.

¶¶ 15-17.  Plaintiffs allege that most of the Renesola PV panels installed on their commercial sites have visible signs of defects.  Id. ¶ 29.  Plaintiffs state that the owners of five of the commercial sites filed suit against Plaintiffs because of the Renesola PV panels and that Plaintiffs paid damages of $501,064.75 related to the defective PV panels on these five commercial sites plus attorneys' fees and costs in defending the action.  Id. ¶ 30.

Plaintiffs allege that they installed 80 Renesola PV panels at Mr. Ramanlal's residence in 2013.  Id. ¶ 34-35. Plaintiffs allege that Mr. Ramanlal filed suit in 2014 against Plaintiff Adon Construction Inc. in Hawaii state court demanding a full refund of $76,128.  Id. ¶ 36.  Plaintiffs allege that Defendant Renesola refused to fix the damaged panels on Mr. Ramanlal's residence and Mr. Ramanlal refused to accept replacement panels.  Id. ¶ 38.  Plaintiffs allege that they have been damaged by having to defend against Mr. Ramanlal's lawsuit, which is still pending in state court.  Id. ¶ 39-40.

Plaintiffs alleges that throughout 2015 they attempted to work with Defendant Renesola to resolve the issues regarding the defective PV panels, but Defendant Renesola refused to remedy the defects.  Id. ¶¶ 41-50.  Because of the allegedly defective PV panels, Plaintiffs assert that they have experienced loss of revenue, disparagement of business, defamation of reputation, and

significant legal fees in "multiple legal suits" related to client rejection of the PV panels. Id. ¶ 26-28, 31-33, 55-56.

Plaintiffs assert the following nine claims against Defendant Renesola: fraud and/or intentional and/or reckless and/or negligent misrepresentation; tortious fraud in the inducement; unfair or deceptive acts and practices; deceptive trade practices; business defamation and disparagement; unjust enrichment; detrimental reliance; breach of contract; breach of express warranty. Id. ¶¶ 56-175. Plaintiffs allege one claim against both Defendant Renesola and Mr. Ramanlal: "breach of duty to mitigate damages." Id. ¶¶ 176-184. In that claim, Plaintiffs allege that Mr. Ramanlal "failed to exercise reasonable diligence to mitigate his damages" when he refused to allow representatives from Defendant Renesola access to his property and refused to accept replacement of defective PV panels as a remedy in his Hawaii state court lawsuit. Id. ¶ 180. Plaintiffs allege that Defendant Renesola "failed to exercise reasonable diligence to mitigate the damages" related to Mr. Ramanlal's residence and the five commercial sites. Id. ¶ 181.

Defendant Renesola removed this action on October 20, 2016. ECF No. 1. On November 21, 2016, Defendant Ramanlal filed a Motion to Dismiss arguing that the Complaint failed to state a claim against him. See ECF No. 12-1. The Motion to Dismiss was initially set for hearing on January 6, 2017; however, after the

present Motion was filed, the hearing was continued to April 7, 2017.  See ECF Nos. 13, 18.

In the present Motion, Plaintiffs argue that remand is appropriate because the Court lacks subject matter jurisdiction. ECF No. 16-1.  Specifically, Plaintiffs contends that there is not complete diversity because Plaintiffs and Defendant Ramanlal are citizens of the same state.  Id.  Defendants argue that Defendant Ramanlal was fraudulently joined as a sham defendant to defeat jurisdiction and, therefore, jurisdiction is proper in federal court.  ECF Nos. 21, 22.

### DISCUSSION

Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore–Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper.  Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).

Federal courts have original jurisdiction over civil

actions where the amount in controversy exceeds $75,000 and there
is complete diversity of citizenship.  28 U.S.C. § 1332(a)(1).
Complete diversity of citizenship requires that each of the
plaintiffs be a citizen of a different state than each of the
defendants.  Morris v. Princess Cruises, Inc., 236 F.3d 1061,
1067 (9th Cir. 2001).  Here, the parties do not dispute that
Plaintiffs and Defendant Ramanlal are both citizens of Hawaii.

One exception to the requirement of complete diversity
"is where a non-diverse defendant has been 'fraudulently
joined.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th
Cir. 2009) (quoting Morris, 236 F.3d at 1067).  "In such a case,
the district court may ignore the presence of that defendant for
the purpose of establishing diversity."  Hunter, 582 F.3d at
1043.  There is a "general presumption against fraudulent
joinder," which must be proven by "clear and convincing
evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d
1203, 1206 (9th Cir. 2007).  In proving fraudulent joinder, the
defendants may go beyond the pleadings and "present the facts
showing the joinder to be fraudulent."  Ritchey v. Upjohn Drug
Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting McCabe v. Gen.
Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)); see also
Morris, 236 F.3d at 1068 ("[F]raudulent joinder claims may be
resolved by 'piercing the pleadings' and considering summary
judgment-type evidence such as affidavits and deposition

testimony.") (citations omitted).  The defendant asserting

fraudulent joinder bears the heavy burden of facing both the

strong presumption against removal jurisdiction as well as the

general presumption against fraudulent joinder.  <u>Hunter</u>, 582 F.3d

at 1046.

To determine whether Mr. Ramanlal was fraudulently

joined, Defendants must show that Plaintiffs' failure to state a

valid claim against Mr. Ramanlal is "obvious" under "settled"

Hawaii law.  <u>See</u> <u>McCabe</u>, 811 F.2d at 1339 (joinder is fraudulent

if plaintiff's failure to state a valid claim against the non-

diverse defendant is "obvious according to the settled rules of

the state."); <u>Morris</u>, 236 F.3d at 1068 (finding that plaintiff's

failure to state a valid claim against non-diverse defendants was

"obvious according to settled law"); <u>Cf.</u> <u>Hunter</u>, 582 F.3d at 1048

(finding no fraudulent joinder where plaintiff's complaint "does

not indicate that she has obviously failed to state a claim

against [the non-diverse defendant]").  The defendant must show

"that there is no possibility, based on the pleadings, that [the]

plaintiff can state a cause of action against the non-diverse

defendant in state court." <u>Coastal Constr. Co. v. N. Am.</u>

<u>Specialty Ins. Co.</u>, Civ. No. 10-00206 DAE-BMK, 2010 WL 2816694,

at *4 (D. Haw. July 14, 2010) (quoting <u>Pampillonia v. RJR</u>

<u>Nabisco, Inc.</u>, 138 F.3d 459, 461 (2d Cr. 1998)).  "[A]ll disputed

questions of fact and all uncertainties in the controlling state

law must be resolved in favor of the plaintiff." Id. Fraudulent joinder "does not require an ill motive." Lovell v. Bad Ass Coffee Co. of Haw., Inc., 103 F. Supp. 2d 1233, 1237 (D. Haw. 2000) (citing McCabe, 811 F.2d at 1339); Albi v. St. & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944) ("it is universally thought that the motive for joining such a defendant is immaterial"). Rather, the Court's inquiry focuses on whether Defendants have demonstrated that Plaintiffs' claim against Mr. Ramanlal "obvious[ly]" fails under "settled" Hawaii law. See McCabe, 811 F.2d at 1339. As detailed below, the Court finds that Defendants have met their burden to demonstrate fraudulent joinder of Mr. Ramanlal.

Defendants have shown that Plaintiffs' "breach of duty to mitigate damages" claim against Mr. Ramanlal obviously fails under settled Hawaii law. The only reference in Hawaii case law to the mitigation of damages is in reference to an affirmative defense. See, e.g., Tabieros v. Clark Equip. Co., 944 P.2d 1279, 1316 (Haw. 1997) (discussing the "plaintiff's duty" regarding mitigation of damages); Marco Kona Warehouse v. Sharmilo, Inc., 768 P.2d 247, 251 (Haw. Ct. App. 1989) (discussing the plaintiff's duty to mitigate its damages and the defendant's burden to prove whether plaintiff satisfied its obligation). The Hawaii Supreme Court has held that "the *plaintiff* has a duty to make every reasonable effort to mitigate his damages." Malani v.

8

Clapp, 542 P.2d 1265, 1271 (Haw. 1975) (emphasis added). "The burden, however, is upon the *defendant* to prove that mitigation is possible, and that the injured party has failed to take reasonable steps to mitigate his damages." Id. (emphasis added). Here, Mr. Ramanlal is not the plaintiff at issue, but is instead named as a defendant in this action. The settled case law of Hawaii is that mitigation of damages is an affirmative defense, not a claim. There is no Hawaii case law that supports a claim for "breach of duty to mitigate damages" against a defendant for his alleged failure to mitigate his damages in a separate lawsuit. Like the district court in Willekes v. Serengeti Trading Co., this court has been unable to find any case "in which failure to mitigate was referred to as anything but an affirmative defense." Civil Action No.: 13-7498 (ES) (MAH), 2016 WL 5334522, at *13 (D.N.J. Sept. 22, 2016) (dismissing the plaintiff's "failure to mitigate" claim because the court was unable to find any court that recognized such a claim).

In fact, Adon Construction Inc. has asserted in its answer to Mr. Ramanlal's state court complaint that Mr. Ramanlal "failed to mitigate any damage" to which he might be entitled because he refused to cooperate in replacing the PV panels. See ECF No. 22-3 at 7-8. Adon Construction Inc. has also asserted a counterclaim against Mr. Ramanlal in the state court action for breach of contract and unjust enrichment based in part on Mr.

Ramanlal's refusal to allow testing or replacement of the panels. Id. at 13-15. Mr. Ramanlal's alleged failure to mitigate his damages has already been put at issue in the state court action, which cuts against Plaintiffs' arguments that a "breach of a duty to mitigate" is a valid separate claim against Mr. Ramanlal here.

The Court is unpersuaded by Plaintiffs' arguments that their failure to mitigate claim against Mr. Ramanlal is valid because "it has all the hallmarks of a claim." See ECF No. 16-1 at 10-11. Plaintiffs do not cite any Hawaii case law that allows for a claim to be asserted against a defendant for failing to mitigate damages in a separate lawsuit. Plaintiffs have already sought the appropriate legal remedy against Mr. Ramanlal through the affirmative defense and counterclaim asserted in the state court action. Based on this Court's careful review of the allegations in Plaintiffs' Complaint and the relevant legal authority, the Court FINDS that Defendants have demonstrated that Mr. Ramanlal was fraudulently joined in this action because Plaintiffs' "breach of duty to mitigate damages" claim against Mr. Ramanlal obviously fails under settled Hawaii law. Accordingly, Mr. Ramanlal's presence as a Hawaii resident may be ignored for purposes of establishing diversity jurisdiction and remand is not appropriate.

Finally, the Court rejects Plaintiffs' alternative argument that this action must be remanded pursuant to Federal

Rule of Civil Procedure 1 and Hawaii Rule of Civil Procedure 1 to promote the just and expeditious resolution of this action together with Mr. Ramnanlal's state court action.  <u>See</u> ECF No. 16-1 at 10-13.  Plaintiffs cite no authority to support this basis for remand.  As detailed above, the Court FINDS that it has diversity jurisdiction over this matter and RECOMMENDS that the district court DENY Plaintiff's Motion.

<u>CONCLUSION</u>

For the reasons set forth above, the Court FINDS and RECOMMENDS that the district court DENY Plaintiffs Adon Construction Inc. and Green Vision LLC's Motion to Remand.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 5, 2017.



_____
Richard L. Puglisi
United States Magistrate Judge


**ADON CONSTRUCTION INC. AND GREEN VISION LLC vs. RENESOLA AMERICA INC.; KIVALU RAMANLAL; ET AL.; CIVIL NO. 16-00568 DKW-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS ADON CONSTRUCTION INC. AND GREEN VISION LLC'S MOTION TO REMAND MATTER BACK TO THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII**