UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| ADON CONSTRUCTION INC. and GREEN VISION LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>RENESOLA AMERICA INC.; KIVALU RAMANLAL; *et al.*,<br><br>Defendants. | CIVIL NO. 16-00568 DKW-RLP<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS ADON CONSTRUCTION INC. AND GREEN VISION LLC'S MOTION TO REMAND MATTER BACK TO THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII** |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS ADON CONSTRUCTION INC. AND GREEN VISION LLC'S MOTION TO REMAND MATTER BACK TO THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII**

**INTRODUCTION**

Adon Construction Inc. ("Adon") and Green Vision LLC (collectively, "Plaintiffs") seek remand on the basis that the Court lacks diversity jurisdiction because both Plaintiffs and Defendant Kivalu Ramanlal are citizens of the State of Hawaii. The Magistrate Judge found removal proper because Plaintiffs failed to state a claim against Ramanlal and fraudulently joined him. Plaintiffs now object to the Magistrate Judge's January 6, 2017 Findings and Recommendation ("F&R"), denying their Motion to Remand.

Under settled state law, Plaintiffs cannot state a claim against Ramanlal for "breach of duty to mitigate damages," the sole claim asserted against him. As a result, Defendants have met their burden of demonstrating that Ramanlal was fraudulently joined. Because the Court has diversity jurisdiction in the absence of Ramanlal, the case was properly removed, and the Magistrate Judge appropriately recommended denial of Plaintiffs' Motion to Remand. The Court adopts the conclusions of the F&R and overrules Plaintiffs' Objections.[1]

## BACKGROUND

I. **Complaint And Notice Of Removal**

Plaintiffs filed a Complaint against Ramanlal and Defendant Renesola America, Inc. ("Renesola") in state court on September 15, 2016, Civil No. 16-1-1741-09, alleging exclusively state-law claims. Renesola removed the case on October 20, 2016, without the consent of Ramanlal,[2] on the basis of diversity jurisdiction. *See* Notice of Removal ¶ 25 (Dkt. No. 1). Plaintiffs seek $808,677.55 in compensatory damages and additional amounts in special and punitive damages.

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

[2] "Although the usual rule is that all defendants in a state court action must join in a petition for removal, the 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties.'" *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (internal citations omitted)); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1220 n.4 (D. Haw. 2010) ("The Court notes that 'nominal, unknown or fraudulently joined' defendants need not consent."). Renesola did not seek Ramanlal's consent in light of its view that he was fraudulently joined to defeat federal subject matter jurisdiction. *See* Notice of Removal ¶ 25.

Notice of Removal ¶ 18. Plaintiffs Adon and Green Vision are citizens of Hawaii. Complaint ¶¶ 1-2; Notice of Removal ¶¶ 2-3. Renesola is a Delaware Corporation with its principal place of business in California. Notice of Removal ¶ 4. Although Ramanlal is a citizen of Hawaii, Renesola contends that his presence does not destroy diversity because he was fraudulently joined in this matter. Notice of Removal ¶¶ 6-17.

### A.  **Plaintiffs' Claims**

Plaintiffs contracted to install photovoltaic ("PV") panels and systems on residential and commercial properties in Hawaii. Complaint ¶ 3, attached as Ex. A to Notice of Removal (Dkt. No. 1-1). Renesola manufactures and supplied PV panels to Plaintiffs for use in their Hawaii installations. Complaint ¶ 5. According to Plaintiffs, certain Renesola PV panels are defective and have been rejected by their clients. Complaint ¶ 8. They allegedly paid Renesola over $2.5 million for PV products and installed over 2,858 Renesola PV panels on residential projects and over 6,030 Renesola PV panels on commercial projects. Complaint ¶¶ 15-17. The majority of the Renesola PV panels installed purportedly have visible signs of defects. Complaint ¶ 29.

Plaintiffs contracted to install 80 Renesola PV panels on Ramanlal's residence in 2013 at a cost of $76,128.00 ("Ramanlal Project"). That installation was completed as of February 2014. Complaint ¶¶ 13-14. On December 3, 2014,

Ramanlal sued Adon in the First Circuit Court of the State of Hawaii, Civil No. 14-1-2463-12, demanding a full refund of the contract price, $76,128.00, in part, due to visible defects to the PV panels ("Ramanlal State Court Case"). Plaintiffs allege that although Renesola initially offered to replace certain panels under warranty, "Renesola has denied fixing the damaged and/or defective PV Panels/Modules at the Ramanlal Project and Ramanlal has refused to accept the proposed resolution to replace 78 out of the 80 Renesola PV [panels]." Complaint ¶ 38. According to Plaintiffs, they attempted to work with Renesola to resolve the defective PV panel issues throughout 2015, but Renesola refused to remedy the defects, Complaint ¶¶ 41-50, while Plaintiffs continue to incur damages by having to defend the Ramanlal State Court Case. Complaint ¶ 39-40.

Plaintiffs allege multiple state-law claims against Renesola,[3] but assert a single cause of action against Ramanlal: "breach of duty to mitigate damages." Complaint ¶¶ 176-184. That claim alleges that Ramanlal "failed to exercise reasonable diligence to mitigate his damages" when he refused to allow representatives from Renesola to access his property and refused to accept the

---

[3] Plaintiffs assert the following causes of against Renesola: fraud and/or intentional and/or reckless and/or negligent misrepresentation (Count I); tortious fraud in the inducement (Count II); unfair or deceptive acts and practices (Count III); deceptive trade practices (Count IV); business defamation and disparagement (Count V); unjust enrichment (Count VI); detrimental reliance (Count VII); breach of contract (Count VIII); breach of express warranty (Count IX); Complaint ¶¶ 56-175; and also assert the same breach of duty to mitigate damages claim alleged against Ramanlal (Count X). Complaint ¶¶ 176-184.

replacement of defective PV panels as a remedy in the Ramanlal State Court Case.

Complaint ¶ 180. More specifically, the Complaint alleges in Count X that—

> 177. Plaintiff has been injured by Renesola's intentional, reckless and/or negligent fraudulent, misrepresentations, breach of contract, unfair competition and business, as well [as] breach of express warranty relating to the damages and/or defects in the form of micro-fracturing, and/or cracking, a defect also known as "snail trail(s)" on the installed Renesola PV Panels/Modules at the Ramanlal Project, as well as the 5 Commercial Sites.
>
> 178. Plaintiff provided notice and demand to Renesola to honor their promises, literature and/or representations made to defend their product and mitigate the damages as alleged.
>
> 179. Renesola did visit the 5 Commercial Sites and did acknowledge and admit to the existence of the damages and/or defects in the form of micro-fracturing, and/or cracking, a defect also known as "snail trail(s)" on the installed Renesola PV Panels/Modules.
>
> 180. Ramanlal has failed to exercise reasonable diligence to mitigate his damages by refusing to allow Renesola representatives onto the Ramanlal Project and thereafter refusing to accept the replacement of damaged and/or defective PV Panels/Modules as a possible remedy.
>
> 181. Renesola has failed to exercise reasonable diligence to mitigate the damages as provided by Plaintiff as they relate to the Ramanlal Project and 5 Commercial Sites.
>
> 182. By each party refusing to cooperate and mitigate their damages reasonably and fairly, the pending Ramanlal Project has continued to damage Plaintiff.
>
> 183. Plaintiff was forced to mitigate its damages as alleged by the owners of the 5 Commercial Sites without the

5

> assistance of Renesola by providing a $501,064.75 damage-charge discount on the agreed-to price of the work.
>
> 184. As a direct and proximate result of both Ramanlal and Renesola [sic] to reasonably mitigate their damages, Plaintiff has suffered direct, proximate, incidental and consequential damages, as well as general and special damages, including but not limited to disparagement of business reputation, loss of time due to fielding client dissatisfaction and complaints, service calls, and loss of profits, business opportunities and contracts in the total amount of $808,677.55, including attorney's fees and costs, in an amount to be proven at trial.

Complaint ¶¶ 177-184.

### B.   Ramanlal State Court Case (Civil No. 14-1-2463-12)

Ramanlal, as plaintiff, sued Adon for installing the defective PV panels and for the lack of necessary permits, alleging, among other claims, breach of contract and misrepresentation.  *See* Ramanlal State Court Case Complaint ¶¶ 21-43, attached as Ex. C to Notice of Removal (Dkt. No. 1-3).  On December 1, 2015, Adon answered and counterclaimed.  The Answer asserts the defense that Ramanlal "failed to mitigate any damage to which [Ramanlal] may be entitled[.]" Ramanlal State Court Case Answer ¶ 49, attached as Ex. D to Notice of Removal (Dkt. No. 1-4).  Adon also brought a Counterclaim for breach of contract against Ramanlal for "refusing to allow [a] Renesola engineer access to the worksite to verify if there is a possible defect and warranty issue, and therefore interfered with [Adon's] performance on delivery of a satisfactory product per contract

requirements." Ramanlal State Court Case Counterclaim ¶ 49, attached as Ex. D to Notice of Removal (Dkt. No. 1-4).

The Ramanlal State Court Case was pending at the time Plaintiffs filed the instant action against Ramanlal and Renesola in state court. *See* Complaint ¶¶ 36, 39.

## II.     Magistrate Judge's F&R

On December 2, 2016, Plaintiffs filed a Motion to Remand, asserting that the Court lacks diversity jurisdiction because Plaintiffs and Ramanlal are citizens of the same state. Dkt. No. 16. In the January 6, 2017 F&R, the Magistrate Judge found that Ramanlal was fraudulently joined, and hence, his presence as a Hawaii resident may be ignored for purposes of establishing diversity jurisdiction. The Magistrate Judge accordingly recommended that the Motion to Remand be denied.

The Magistrate Judge first addressed fraudulent joinder by examining Plaintiffs' claims against Ramanlal to determine if they failed to state a valid claim that was "obvious under settled Hawaii law." F&R at 7. The F&R reviewed the procedural history of the litigation, detailing the claims brought by Plaintiffs against Renesola and Ramanlal in the instant case and the claims and Counterclaim in the parallel Ramanlal State Court Case. F&R at 2-4, 7-9. The Magistrate Judge found that Plaintiffs' sole claim against Ramanlal for breach of duty to mitigate damages "obviously fails under settled Hawaii law." F&R at 8. The F&R

surveyed the relevant law within this jurisdiction and elsewhere, noting that there is no recognized stand-alone claim for "breach of duty to mitigate damages"—

> The only reference in Hawaii case law to the mitigation of damages is in reference to an affirmative defense. *See, e.g., Tabieros v. Clark Equip. Co.*, 944 P.2d 1279, 1316 (Haw. 1997) (discussing the "plaintiff's duty" regarding mitigation of damages); *Marco Kona Warehouse v. Sharmilo, Inc.*, 768 P.2d 247, 251 (Haw. Ct. App. 1989) (discussing the plaintiff's duty to mitigate its damages and the defendant's burden to prove whether plaintiff satisfied its obligation). The Hawaii Supreme Court has held that "the *plaintiff* has a duty to make every reasonable effort to mitigate his damages." *Malani v. Clapp*, 542 P.2d 1265, 1271 (Haw. 1975) (emphasis added). "The burden, however, is upon the *defendant* to prove that mitigation is possible, and that the injured party has failed to take reasonable steps to mitigate his damages." *Id.* (emphasis added). Here, Mr. Ramanlal is not the plaintiff at issue, but is instead named as a defendant in this action. The settled case law of Hawaii is that mitigation of damages is an affirmative defense, not a claim. There is no Hawaii case law that supports a claim for "breach of duty to mitigate damages" against a defendant for his alleged failure to mitigate his damages in a separate lawsuit. Like the district court in *Willekes v. Serengeti Trading Co.*, this court has been unable to find any case "in which failure to mitigate was referred to as anything but an affirmative defense." Civil Action No.: 13-7498 (ES) (MAH), 2016 WL 5334522, at *13 (D.N.J. Sept. 22, 2016) (dismissing the plaintiff's "failure to mitigate" claim because the court was unable to find any court that recognized such a claim).

F&R at 8-9. The Magistrate Judge rejected Plaintiffs' arguments that their failure to mitigate claim against Ramanlal is valid because "it has all the hallmarks of a claim," observing that, "Plaintiffs do not cite any Hawaii case law that allows for a

claim to be asserted against a defendant for failing to mitigate damages in a separate lawsuit." F&R at 10.

The Magistrate Judge likewise rejected Plaintiffs' alternative argument "that this action must be remanded pursuant to Federal Rule of Civil Procedure 1 and Hawaii Rule of Civil Procedure 1 to promote the just and expeditious resolution of this action together with Mr. Ramanlal's state court action." F&R at 10-11 (citing Mot. to Remand at 10-13). Plaintiffs cited no authority to support this basis for remand.[4] F&R at 11.

The Magistrate Judge found that the Court has subject matter jurisdiction over this matter and accordingly recommended that Plaintiffs' Motion to Remand be denied. Plaintiffs' Objections followed.

## III. **Plaintiffs' Objections**

Plaintiffs object only to the Magistrate Judge's finding that Ramanlal was fraudulently joined and do not object to the F&R's rejection of their second basis for remand, namely, that the Court should order remand pursuant to Rule 1 of the Federal and Hawaii Rules of Civil Procedure. Specifically, Plaintiffs argue that the Magistrate Judge "fail[ed] to recognize the pleading requirements of Rule 8[:]"

---

[4] Plaintiffs assert that they "had planned to consolidate the two matters in the First Circuit Court and resolve matters in the same jurisdiction for convenience of record." Mot. to Remand at 11. Although the instant Complaint was filed in state court on September 15, 2016, it does not appear from the record that Plaintiffs attempted to consolidate the two matters for purposes of discovery prior to removal. Nor is it known whether the state court would have granted such a request because the discovery cut-off in the Ramanlal State Court Case, Civil No. 14-1-2463-12, was December 22, 2016. *Id.* at 5.

while "there may be no case law on the record identifying 'failure to mitigate damages' as a claim, the facts and circumstances contained on the face of the Complaint assert[] the required elements pursuant to both FRCP and/or HRCP Rule 8." Objections at 3.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.").

Under a *de novo* standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *see also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a *de novo* hearing. However, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v.*

*Remsing*, 874 F.2d 614, 616 (9th Cir. 1989). The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record. *See United States v. Bright*, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Fed. R. Civ. P. 72(b) advisory committee's note.

## DISCUSSION

As a preliminary matter, Plaintiffs limit their Objections to the F&R's discussion of whether Ramanlal was fraudulently joined—they do not re-argue their second basis for remand based upon judicial efficiency. There being no clear error, the Court adopts those portions of the F&R to which Plaintiffs do not object.

The Court turns its attention to Plaintiffs' assertion that a valid stand-alone claim exists under Hawaii law for "breach of duty to mitigate damages." Because it does not, Ramanlal is a sham defendant, fraudulently joined, and remand is inappropriate.

### I. Removal Generally

Removal of an action from state to federal court is proper if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," and a defendant who invokes the federal court's removal jurisdiction "always has the burden of establishing that removal is

proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted) (noting that there is a "strong presumption" against removal jurisdiction); *accord Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011); *Moore-Thomas v. Alaska Airlines, Inc.*, 552 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.").

Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent where plaintiffs "fail[] to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.3d 1336, 1339 (9th Cir. 1987).

Plaintiffs do not dispute that Renesola is a Delaware corporation with its principal place of business in California, or that the matter in controversy exceeds $75,000. Because Ramanlal is a citizen of Hawaii—the same state as Plaintiffs—

his presence destroys complete diversity, unless the Court agrees that he has been fraudulently joined, rendering removal proper.

## II. Plaintiffs' Objection Is Overruled

By their Objections, Plaintiffs insist that they sufficiently state a claim for "breach of duty to mitigate damages" or "failure to mitigate damages" against Ramanlal and that his presence in this action destroys diversity. Objections at 4. The Court disagrees for the reasons that follow.

### A. Fraudulent Joinder

Under the fraudulent joinder doctrine, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Morris*, 236 F.3d at 1067, and *McCabe*, 811 F.2d at 1339). "[W]hile a showing of actual fraud would be sufficient to invoke the doctrine, the term 'fraudulent joinder' is somewhat of a 'misnomer,' since in most cases the focus will be on whether the plaintiff can 'state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction.'" *Id.* at 1113 (quoting 13F C. Wright & A. Miller *et al.*, Fed. Prac. & Proc. Juris. § 3641.1 (3d

ed.)); *see also Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) ("[A] non-diverse defendant is deemed fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).

A defendant asserting fraudulent joinder bears the burden of overcoming both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1046. Renesola meets that burden here.

### B. The Court Has Subject Matter Jurisdiction

Plaintiffs' single cause of action against Ramanlal for "breach of duty to mitigate damages" fails to state a stand-alone claim for relief. Moreover, this failure is obvious according to the settled rules of Hawaii. *See Morris*, 236 F.3d at 1067, and *McCabe*, 811 F.2d at 1339. "Breach of duty to mitigate damages," or "failure to mitigate damages," is a well-established affirmative defense, not a viable independent cause of action in the manner pled by Plaintiffs here. *See, e.g., Tabieros v. Clark Equip. Co.*, 85 Haw. 336, 373, 944 P.2d 1279, 1316 (1997) ("[I]n contract or in tort, the plaintiff has a duty to make every reasonable effort to mitigate his [or her] damages. The burden, however, is upon the defendant to

prove that mitigation is possible, and that the injured party has failed to take reasonable steps to mitigate his [or her] damages.") (quoting *Malani v. Clapp*, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975) (alterations in *Tabieros*)); *Hawaii Broad. Co. v. Hawaii Radio, Inc.*, 82 Haw. 106, 112–13, 919 P.2d 1018, 1024–25 (Ct. App. 1996) (Discussing requirement that affirmative defense of "failure to mitigate damages" be pled in answer pursuant to Rule 8 where "[t]he primary purpose of requiring affirmative defenses to be pleaded is to give notice to the parties of such defenses.").

 Plaintiffs, however, insist that they have alleged a proper claim for relief against Ramanlal in Count X. To that end, they argue that "as pled in the Complaint[,] 'failure to mitigate damages' is a valid cause of action as it has all the hallmarks of a claim, including but not limited to a short and plain statement of the claim, damages sustained by Adon, and a demand for the relief sought." Objections at 4. Plaintiffs' argument misses the mark. Whether their recitation of the elements of a cause of action "has all the hallmarks of a claim" is not dispositive of whether the settled law of Hawaii recognizes as viable a stand-alone cause of action for "breach of duty to mitigate damages." *See, e.g., Nasrawi*, 776 F. Supp. 2d at 1169-70 (Explaining that the court's task is to determine whether joinder is fraudulent, where "disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not

possibly recover against the party whose joinder is questioned."). To the contrary, the settled case law of Hawaii is that the failure to mitigate damages is an affirmative defense, which Hawaii courts have not recognized as an independent claim—indeed, Plaintiffs acknowledge as much. *See* Objections at 3 ("While there may be no case law on the record identifying 'failure to mitigate damages' as a claim, the facts and circumstances contained on the face of the Complaint assert[] the required elements pursuant to both FRCP and/or HRCP Rule 8."). Plaintiffs' arguments otherwise cannot withstand scrutiny.

As distilled concisely in the F&R, no stand-alone claim exists for failure to mitigate damages because it is an affirmative defense. *See* F&R at 8-9 (citing cases); *see also Shahata v. W Steak Waikiki, LLC,* 721 F. Supp. 2d 968, 988 (D. Haw. 2010), *aff'd*, 494 F. App'x 729 (9th Cir. 2012) ("It is well established that, whether in contract or in tort, a plaintiff has a duty to make every reasonable effort to mitigate his damages. Defendant . . . has the burden of showing that mitigation is possible.") (citing *Malani v. Clapp*, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975)). This well-settled principle is summarized by Hawaii's Standard Civil Jury Instruction on mitigation of damages, which provides that a *plaintiff* claiming damages has a duty to mitigate or minimize those damages, and that a *defendant* has the burden of establishing the damages which *plaintiff* could have mitigated.

16

The relevant instruction explains the *plaintiff's* duty and the *defendant's* burden, as follows—

> Any plaintiff claiming damages resulting from the wrongful act of a defendant has a duty under the law to use reasonable diligence under the circumstances to mitigate or minimize those damages.
>
> If you find plaintiff(s) suffered damages, plaintiff(s) may not recover for any damages which he/she/it/they could have avoided through reasonable effort. If you find that plaintiff(s) unreasonably failed to mitigate or lessen his/her/its/their damages, you should not award those damages which he/she/it/they could have avoided.
>
> You are the sole judge of whether plaintiff(s) acted reasonably in mitigating his/her/its/their damages. Plaintiff(s) may not sit idly by when presented with a reasonable opportunity to reduce his/her/its/their damages. However, plaintiff(s) is/are not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating his/her/its/their damages. Defendant(s) has/have the burden of proving the damages which plaintiff(s) could have mitigated.
>
> You must consider all of the evidence in light of the particular circumstances of the case in deciding whether defendant(s) have satisfied his/her/its/their burden of proving that plaintiff's(s') conduct was not reasonable.

Hawaii Civil Jury Instruction No. 8.18 (1999).[5]

---

[5] In breach of contract actions, a specific jury instruction on mitigation of damages similarly provides:

CONTRACT - MITIGATION OF DAMAGES

The law requires any plaintiff claiming damages resulting from a breach of contract to use reasonable efforts under the circumstances to avoid or minimize those damages.

Although Plaintiffs *may* have plausible claims against Ramanlal,[6] a stand-alone cause of action for "breach of duty to mitigate damages" is not one of them. In sum, Renesola has met its burden of establishing that Plaintiffs' failure to state a claim against Ramanlal is obvious under the settled law of the state, that Ramanlal's joinder is fraudulent, and that his presence may therefore be ignored for the purpose of establishing diversity. As a result, this Court has subject matter jurisdiction and remand is not appropriate.

---

> If defendant(s) prove(s) that plaintiff(s) unreasonably failed to avoid or minimize his/her/its/their damages, you must not award the portion of those damages resulting from such failure.
>
> Plaintiff(s) may not sit idly by when presented with a reasonable opportunity to avoid or minimize his/her/its/their damages. However, plaintiff(s) is/are not required to exercise unreasonable efforts or incur unreasonable expenses in avoiding or minimizing his/her/its/their damages. Defendant(s) has/have the burden of proving the damages which plaintiff(s) could have avoided or minimized.
>
> You must consider all of the evidence in light of the particular circumstances of the case in deciding whether defendant(s) has/have satisfied his/her/its/their burden of proving that plaintiff(s) unreasonably failed to avoid or minimize his/her/its/their damages. You are the sole judge of whether plaintiff(s) acted reasonably in avoiding or minimizing his/her/its/their damages.

Hawaii Civil Jury Instruction No. 15.11 (1999, Am. 2002).

[6]Indeed, Adon has already alleged affirmative claims against Ramanlal in the Ramanlal State Court Case, including breach of contract and unjust enrichment. *See* Ramanlal State Court Case Counterclaim ¶ 49 (Dkt. No. 1-4) (Alleging Counterclaim for breach of contract against Ramanlal for "refusing to allow [a] Renesola engineer access to the worksite to verify if there is a possible defect and warranty issue, and therefore interfered with [Adon's] performance on delivery of a satisfactory product per contract requirements.").

Upon *de novo* review of the F&R and consideration of the parties' submissions, the Court overrules Plaintiffs' Objections and adopts the F&R's recommendation to deny the Motion to Remand.

## **CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Findings and Recommendation to Deny Plaintiffs Adon Construction Inc. and Green Vision LLC's Motion to Remand Matter Back to the First Circuit Court of the State of Hawaii and OVERRULES Plaintiffs' Objections.

IT IS SO ORDERED.

DATED: March 6, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Adon Construction Inc. et al. v. Renesola America Inc. et al.*; Civ. No. 16-00568 DKW-RLP;
**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS ADON CONSTRUCTION INC. AND GREEN VISION LLC'S MOTION TO REMAND MATTER BACK TO THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII**