UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| ADON CONSTRUCTION INC. and GREEN VISION LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>RENESOLA AMERICA INC.; KIVALU RAMANLAL; *et al*.,<br><br>Defendants. | CIVIL NO. 16-00568 DKW-RLP<br><br>**ORDER GRANTING DEFENDANT KIVALU RAMANLAL'S MOTION TO DISMISS** |

## INTRODUCTION

Defendant Kivalu Ramanlal seeks dismissal of the sole claim asserted against him by Plaintiffs Adon Construction Inc. ("Adon") and Green Vision LLC for "breach of duty to mitigate damages." Because the Court previously ruled that under settled state law, Plaintiffs cannot state a claim against Ramanlal for "breach of duty to mitigate damages," Ramanlal's Motion To Dismiss This Action As To Him, With Prejudice is GRANTED.[1]

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

## **DISCUSSION**

### I.  **Prior Rulings In This Matter**

Plaintiffs filed a Complaint against Ramanlal and Defendant Renesola America, Inc. ("Renesola") in state court on September 15, 2016, Civil No. 16-1-1741-09, alleging exclusively state-law claims.  Plaintiffs contracted to install photovoltaic ("PV") panels and systems on residential and commercial properties in Hawaii.  Complaint ¶ 3, attached as Ex. A to Notice of Removal, Dkt. No. 1-1.  Renesola manufactures and supplied PV panels to Plaintiffs for use in their Hawaii installations.  Complaint ¶ 5.  According to Plaintiffs, certain Renesola PV panels are defective and have been rejected by their clients.  Complaint ¶ 8.

Plaintiffs contracted to install 80 Renesola PV panels on Ramanlal's residence in 2013 at a cost of $76,128.00 ("Ramanlal Project").  On December 3, 2014, Ramanlal sued Adon in the First Circuit Court of the State of Hawaii, Civil No. 14-1-2463-12, demanding a full refund of the contract price, in part, due to visible defects to the PV panels ("Ramanlal State Court Case").  Plaintiffs allege that although Renesola initially offered to replace certain panels under warranty, "Renesola has denied fixing the damaged and/or defective PV Panels/Modules at the Ramanlal Project and Ramanlal has refused to accept the proposed resolution to replace 78 out of the 80 Renesola PV [panels]."  Complaint ¶ 38.  According to Plaintiffs, they attempted to work with Renesola to resolve the defective PV panel

2

issues throughout 2015, but Renesola refused to remedy the defects, Complaint ¶¶ 41-50, while Plaintiffs continue to incur damages by having to defend the Ramanlal State Court Case. Complaint ¶ 39-40.

Plaintiffs allege multiple state-law claims against Renesola, but assert a single cause of action against Ramanlal for "breach of duty to mitigate damages." Complaint ¶¶ 176-184. That claim alleges that Ramanlal "failed to exercise reasonable diligence to mitigate his damages" when he refused to allow representatives from Renesola to access his property and refused to accept the replacement of defective PV panels as a remedy in the Ramanlal State Court Case.[2] Complaint ¶ 180.

Renesola removed the case on October 20, 2016, without the consent of Ramanlal, on the basis of diversity jurisdiction. *See* Notice of Removal ¶ 25. On December 2, 2016, Plaintiffs filed a Motion to Remand, asserting that the Court lacks diversity jurisdiction because Plaintiffs and Ramanlal are citizens of the same state. Dkt. No. 16. In a January 6, 2017 Findings and Recommendation to Deny the Motion to Remand ("F&R"), the Magistrate Judge found that Ramanlal was

---

[2]Ramanlal, as plaintiff, sued Adon for installing the defective PV panels and for the lack of necessary permits, alleging, among other claims, breach of contract and misrepresentation. *See* Ramanlal State Court Case Complaint ¶¶ 21-43, attached as Ex. C to Notice of Removal, Dkt. No. 1-3. On December 1, 2015, Adon answered and counterclaimed. The Answer asserts the defense that Ramanlal "failed to mitigate any damage to which [Ramanlal] may be entitled[.]" Ramanlal State Court Case Answer ¶ 49, attached as Ex. D to Notice of Removal, Dkt. No. 1-4. Adon also brought a Counterclaim for breach of contract against Ramanlal. *See* Ramanlal State Court Case Counterclaim ¶ 49, attached as Ex. D to Notice of Removal, Dkt. No. 1-4.

fraudulently joined because Plaintiffs failed to state a valid claim that was "obvious under settled Hawaii law," and hence, his presence as a Hawaii resident may be ignored for purposes of establishing diversity jurisdiction. *See* F&R at 2-4, 7-9, Dkt. No. 27.

In its March 6, 2017 Order adopting the F&R, the Court concluded as follows with respect to the validity of Plaintiffs' lone claim against Ramanlal:

> Plaintiffs' single cause of action against Ramanlal for "breach of duty to mitigate damages" fails to state a stand-alone claim for relief. Moreover, this failure is obvious according to the settled rules of Hawaii. *See Morris*, 236 F.3d at 1067, and *McCabe*, 811 F.2d at 1339. "Breach of duty to mitigate damages," or "failure to mitigate damages," is a well-established affirmative defense, not a viable independent cause of action in the manner pled by Plaintiffs here. *See, e.g., Tabieros v. Clark Equip. Co.*, 85 Haw. 336, 373, 944 P.2d 1279, 1316 (1997) ("[I]n contract or in tort, the plaintiff has a duty to make every reasonable effort to mitigate his [or her] damages. The burden, however, is upon the defendant to prove that mitigation is possible, and that the injured party has failed to take reasonable steps to mitigate his [or her] damages.") (quoting *Malani v. Clapp*, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975) (alterations in *Tabieros*)); *Hawaii Broad. Co. v. Hawaii Radio, Inc.*, 82 Haw. 106, 112–13, 919 P.2d 1018, 1024–25 (Ct. App. 1996) (Discussing requirement that affirmative defense of "failure to mitigate damages" be pled in answer pursuant to Rule 8 where "[t]he primary purpose of requiring affirmative defenses to be pleaded is to give notice to the parties of such defenses.").

3/6/17 Order at 14-15, Dkt. No. 31. Following the Court's March 6, 2017 Order, Plaintiffs filed their opposition to the instant Motion on March 17, 2017, and continue to advance the viability of their claim for breach of duty to mitigate

damages, notwithstanding the Court's ruling to the contrary.  *See* Pls.' Mem. in Opp'n, Dkt. No 34.

## II.     Ramanlal's Motion Is Granted

Ramanlal seeks dismissal with prejudice of the claim asserted against him. Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  As clearly stated in the Court's prior Order, Plaintiffs fail to state a cognizable claim for relief under the settled law of Hawaii, and dismissal is therefore appropriate.

Plaintiffs' arguments to the contrary, *see* Pls.' Mem. in Opp'n at 5-12, are without merit and barred by the law of the case doctrine.  *See Cape Flattery Ltd. v. Titan Mar. LLC*, 2012 WL 3113168, at *5 (D. Haw. July 31, 2012) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.") (citing *United States v. Jingles*, 682 F.3d 811, 816–17 (9th Cir. 2012) (additional citations and quotation signals omitted)); *see also United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009) (stating that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent

stages in the same case") (citations and quotation signals omitted).  For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in the previous disposition."  *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).  Because the March 6, 2017 Order determined that Plaintiffs failed to state an affirmative claim for relief against Ramanlal, the Court finds that the law of the case doctrine precludes Plaintiffs from re-asserting the merits of the same non-existent claim for breach of duty to mitigate damages.

      The Court repeats its previous conclusion that no stand-alone claim exists for failure to mitigate damages because it is an affirmative defense.  *See* 3/6/17 Order at 14-18; *see also Shahata v. W Steak Waikiki, LLC,* 721 F. Supp. 2d 968, 988 (D. Haw. 2010), *aff'd*, 494 F. App'x 729 (9th Cir. 2012) ("It is well established that, whether in contract or in tort, a plaintiff has a duty to make every reasonable effort to mitigate his damages.  Defendant . . . has the burden of showing that mitigation is possible.") (citing *Malani v. Clapp*, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975)).  Plaintiffs offer no serious argument to the contrary.  Because amendment of the claim would be futile, dismissal is without leave to amend.[3]  Ramanlal's Motion is accordingly GRANTED.

---

[3] Because the Court finds that Plaintiffs fail to state a claim against Ramanlal, the Court does not reach the alternative basis for dismissal raised in the Motion, that—even assuming such a claim

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Ramanlal's Motion To Dismiss This Action As To Him, With Prejudice.

IT IS SO ORDERED.

DATED: April 4, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Adon Construction Inc. et al. v. Renesola America Inc. et al.*; Civ. No. 16-00568 DKW-RLP; **ORDER GRANTING DEFENDANT KIVALU RAMANLAL'S MOTION TO DISMISS**

---

existed—Plaintiffs were required to assert it in the Ramanlal State Court Case as a compulsory counterclaim pursuant to Hawaii Rule of Civil Procedure 13(a).