IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADON CONSTRUCTION INC., a Hawaii corporation; GREEN VISION LLC, a Hawaii Limited Liability Company,<br><br>        Plaintiffs,<br>  vs.<br><br>RENESOLA AMERICA INC.; KIVALU RAMANLAL; JOHN DOES 1-10; JANE DOES 1-10; DE PARTNERSHPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO. 16-00568 JAO-RLP<br><br>ORDER DENYING DEFENDANT RENESOLA AMERICA INC.'S MOTION FOR RECONSIDERATION OF EXECUTIVE ORDER DENYING RENESOLA'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF PHILLIP ATOIGUE |

ORDER DENYING DEFENDANT RENESOLA AMERICA INC.'S MOTION FOR RECONSIDERATION OF EXECUTIVE ORDER DENYING RENESOLA'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF PHILLIP ATOIGUE

Before the Court is Defendant Renesola America Inc.'s ("Defendant") Motion for Reconsideration of Executive Order Denying Renesola's Motion to Exclude the Expert Testimony of Phillip Atoigue ("Motion"), filed March 25, 2019. This matter is suitable for disposition without a hearing pursuant to Rule 7.2(e) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules").

1

Defendant seeks reconsideration of this Court's March 15, 2019 Entering Order ("EO") on the basis that its Motion to Exclude the Expert Testimony of Phillip Atoigue is subject to the motions in limine deadline set forth in the Fourth Amended Rule 16 Scheduling Order. Local Rule 60.1 provides three grounds for reconsideration of interlocutory orders:

    (a) Discovery of new material facts not previously available;

    (b) Intervening change in law;

    (c) Manifest error of law or fact.

Local Rule 60.1.[1] Motions for reconsideration under Local Rule 60.1(c) "must be filed and served not more than fourteen (14) days after the court's written order is filed." Local Rule 60.1(c).

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont.

---

[1] Defendant erroneously cites Federal Rule of Civil Procedure ("FRCP") 60(b). FRCP 60(b) governs motions to reconsider case-dispositive orders. Local Rule 60.1 ("Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable."). The EO that is the subject of this Motion is an interlocutory, not dispositive, order.

1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

The Court determined that Defendant's Motion to Exclude was untimely filed pursuant to the January 22, 2019 non-dispositive motions deadline set forth in the Fourth Amended Rule 16 Scheduling Order. Doc. No. 175. Defendant contends that its Motion to Exclude is in actuality a motion in limine and is therefore subject to the September 3, 2019 motions in limine deadline set forth in the Fourth Amended Rule 16 Scheduling Order. In support of its request for reconsideration, Defendant relies solely on a string cite of cases, none of which support reconsideration under the circumstances presented here.

Defendant mispresents that in *Ludlow v. Lowe's Home Center*, Civil No. 12-00476 KSC, Magistrate Judge Chang determined that a *Daubert* motion was akin to a motion in limine and was therefore timely filed. Memo. in Supp. of Mot. at 4

("(rejecting the argument that a Daubert motion was 'untimely filed because the non-dispositive motions deadline expired' and finding that the Daubert motion 'is akin to a motion in limine, and was therefore timely filed pursuant to the . . . . Rule 16 Scheduling Order')."). The motion to exclude in *Ludlow* sought to strike the naming of an expert and preclude the introduction of the plaintiff's newly-disclosed damages computation for failure to comply with FRCP 26.[2] Mot., Decl. of Counsel, Ex. A at 3-4. It was <u>not</u> a *Daubert* motion.

Defendant cites *Hambrook v. Smith*, No. 14-00132 ACK-KJM, 2016 WL 4084110, at *2 (D. Haw. Aug. 1, 2016), for the proposition that the plaintiff seeks to exclude expert opinions in a motion in limine. Judge Kay merely summarized the relief sought by the plaintiff there; he did not offer a statement of law regarding the type of relief sought by way of a motion in limine. *Id.* ("In her motion in limine, Plaintiff seeks to exclude undisclosed expert opinions from Defendants' expert, Dr. Lindell Weaver."). Notably, the motion in limine highlighted by Defendant again concerned exclusion pursuant to FRCP 26. *Id.* at *2-3.

Defendant also cites *City of Pomona v. SQM North America Corp.*, 750 F.3d, 1036, 1044 (9th Cir. 2014), to highlight the fact that *Daubert* issues were considered in a motion in limine. *Daubert* issues were indeed presented in a

---

[2] These types of motions to exclude are often raised after the expiration of the non-dispositive motions deadline because parties attempt to rely on untimely or never produced/disclosed evidence as trial nears.

4

motion in limine. However, the district court's scheduling deadlines and procedures differ from this court. See Civil No. 11-00167 RGK-JEM (C.D. Cal.).

Finally, Plaintiff relies on *G. v. Hawaii*, No. CV 08-00551 ACK-BMK, 2010 WL 1372319, at * 10 (D. Haw. Apr. 2, 2010), in which Judge Kay addressed *Daubert* issues in a motion in limine. Though titled a motion in limine, the motion in *G* was filed prior to the expiration of the non-dispositive motions deadline. Civil No. 08-00551, ACK-BMK; Civil No. 09-00044 ACK-BMK (consolidated), Doc. No. 95.

The Court does not suggest that *Daubert* issues cannot be raised in motions in limine, where appropriate. However, the Court's determination that the Motion to Exclude was untimely, having been filed after the expiration of the non-dispositive motions deadline, was not erroneous. Phillip Atoigue's expert report was filed on November 6, 2018, Doc. No. 111, well before the expiration of the non-dispositive motions deadline. Defendant should have at a minimum been on notice of potential *Daubert* issues at that point. Arguably, Defendant could have filed the Motion to Exclude by January 22, 2019.[3]

---

[3] Defendant's Motion to Exclude also relies on a February 19, 2019 deposition. This might factor into an FRCP 16(b) analysis.

Notwithstanding Defendant's attempt to recast its Motion to Exclude as a very early motion in limine,[4] it is apparent that Defendant merely disagrees with the EO, which cannot serve as a basis for reconsideration.

In its EO, the Court did not preclude relief altogether. Rather, the Court stated:

> If Defendant wishes to file a Daubert motion, it must first seek leave to amend the scheduling order to extend the non[-]dispositive motions deadline. Although the Court continued the trial at the 2/19/19 status conference, expired deadlines were not reopened. Any motion to amend the scheduling order will require a showing of good cause pursuant to Federal Rule of Civil Procedure 16(b), which focuses on the moving party's diligence.

Doc. No. 175. Instead of availing itself of the opportunity to seek leave to file its Motion to Exclude after the non-dispositive motions deadline, Defendant elected to file this Motion.

For the reasons stated above, Defendant has failed to demonstrate a basis for reconsideration, and it has not set forth law or facts of a "strongly convincing" nature to induce the Court to reverse its prior decision. The Court therefore declines to reconsider its EO.

---

[4] It is unclear why Defendant did not title the Motion to Exclude as such, if it in fact intended to file a motion in limine.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY DENIES Defendant's Motion for Reconsideration of Executive Order Denying Renesola's Motion to Exclude the Expert Testimony of Phillip Atoigue, filed March 25, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 1, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 16-00568 JAO-RLP; *ADON CONSTRUCTION INC. V RENESOLA AMERICA INC., ET AL.*; ORDER DENYING DEFENDANT RENESOLA AMERICA INC.'S MOTION FOR RECONSIDERATION OF EXECUTIVE ORDER DENYING RENESOLA'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF PHILLIP ATOIGUE