IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADON CONSTRUCTION INC., ET. AL. | CIV. NO. 16-00568 JAO-WRP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT RENSOLA AMERICA, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS |
| vs. | |
| RENESOLA AMERICA INC., ET. AL. | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART DEFENDANT RENSOLA AMERICA, INC.'S MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS

Before the Court is Defendant Rensola America, Inc.'s (Defendant)

Motion for an Award of Attorneys' Fees, filed June 10, 2019 (Motion). See ECF

No. 188. Defendant requests an award of attorneys' fees of $296,784.40, plus

general excise tax of $13,978.55, non-taxable costs of $62,760.01, and post-

judgment interest. See ECF No. 188-1 at 9. On June 26, 2019, Plaintiffs Adon

Construction, Inc. and Green Visions, LLC filed their Opposition to the Motion.

See ECF No. 192. Defendant filed its Reply on July 10, 2019. See ECF No. 199.

The Court found this matter suitable for disposition without a hearing pursuant to

1

Rule 54.3(f) of the Local Rules of Practice for the United States District Court for the District of Hawaii (Local Rules).[1]

After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART for the reasons set forth below.[2]

## BACKGROUND

The Court and the parties are familiar with the history of the case. Accordingly, the Court only recites those facts relevant to the present Motion. Plaintiffs are contractors who install photovoltaic (PV) solar panels on residential and commercial properties in Hawaii.  See ECF No. 183 at 2.  Defendant is a solar panel supplier.  Id.  Between 2013 and 2014, Plaintiffs purchased solar panels from Defendant and installed them on both residential and commercial properties.  Id. Purchase invoices dated April 17, 2013, and April 25, 2013 provide a warranty for "10 years for product, 10 years for 90% power output and 25 years for 80% power

---

[1] The Local Rules were amended effective September 1, 2019. Because this Motion was filed prior to that date, the Court applies the Local Rules in effect at the time of filing.  However, the amended Local Rules contain an identical provision.  See L.R. 54.2(g) (providing that "a ruling will be issued without a hearing").

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

output." Id.  A Framework Sales Contract was drafted between the parties in 2014 and 2015.  Id.

Plaintiffs allege that Defendant represented their solar panels as free from defects, micro-cracks, and snail trails.[3]  Id. at 3.  Plaintiffs further allege that, in 2015, Plaintiffs' customers began complaining about snail trails on Defendant's solar panels.  Id.  Both Plaintiffs and Defendant submitted expert reports about the cause of the snail trails.  Id.  Plaintiffs' expert opined that micro-cracking and the resulting snail trails were the fault of the manufacturer and, in contrast, Defendant's expert provided evidence that micro-cracks can be created during the installation process.  Id.

Plaintiffs initiated the underlying action on September 15, 2016 in the State of Hawaii's Circuit Court of the First Circuit.  See ECF No. 1 at 2.  Plaintiffs brought the following ten claims related to the snail trails and micro-cracks on the solar panels and sought damages at common law and under applicable statutes of the Hawaii Revised Statutes (HRS):

- Count I: fraudulent, intentional, reckless, negligent misrepresentation;
- Count II: tortious fraud in the inducement;
- Count III: Unfair or Deceptive Acts and Practices under HRS §480-2;
- Count IV: Deceptive Trade Practices under HRS § 481A;
- Count V: business defamation and disparagement;
- Count VI: unjust enrichment;

_____

[3] A snail trail is a visible discoloration on the front side of a solar panel and micro-cracks play an important role in the formation of snail trails.  See ECF No. 167-5.

3

- Count VII: detrimental reliance;
- Count VIII: breach of contract;
- Count IX: breach of express warranty; and
- Count X: breach of duty to mitigate damages.

<u>See</u> ECF No. 1-1.

On November 20, 2018, Defendant moved for judgment on the pleadings as to Counts I, III, V, VI, and X and moved for summary judgment on all claims. <u>See</u> ECF No. 117; ECF No. 121. On May 23, 2019, the district court granted in part and denied in part Defendant's Motion for Judgment on the Pleadings and granted Defendant's Motion for Summary Judgment as to all remaining claims. <u>See</u> ECF No. 183. Defendant then filed the present Motion pursuant to Rule 54 of the Federal Rules of Civil Procedure and Section 607-14 of the Hawaii Revised Statutes.

<u>DISCUSSION</u>

Defendant seeks an award of fees under HRS Section 607-14. Section 607-14 is a statutory exception to the American Rule and mandates the recovery of fees in an action on a promissory note or contract that provides for fees or an action in the nature of assumpsit. <u>See</u> Haw. Rev. Stat. § 607-14. To award attorneys' fees under Section 607-14, the court must determine whether: (A) Defendant is entitled to attorneys' fees as the prevailing party; (B) the action is in the nature of assumpsit; (C) the fees requested are reasonable; and (D) the fees do

4

not exceed twenty-five percent of the amount sued for.  Defendant also seeks an award of non-taxable costs and post-judgment interest.

A federal court sitting in diversity must apply the law of the forum state including the award of attorneys' fees.  See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  Accordingly, the Court will apply Hawaii law here to determine whether Defendant is entitled to attorneys' fees.  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citation and quotation marks omitted).  "Generally, under the 'American Rule,' each party is responsible for paying his or her own litigation expenses.  A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or agreement."  TSA Int'l, Ltd. v. Shimizu Corp., 990 P.2d 713, 733 (Haw. 1999).

A.    As the Prevailing Party, Defendant is Entitled to Attorneys' Fees

"[A] party 'prevails' for purposes of attorneys' fees if 'they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"  See Eggs 'N Things Int'l v. ENT Holdings LLC, Civil No. 10-00298 JMS/LEK, 2011 WL 676226, at *9 (D. Haw.) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Hawaii courts have noted that "[i]n general,

a party in whose favor judgment is rendered by the district court is the prevailing

party in that court[.]" MFD Partners v. Murphy, 850 P.2d 713, 716 (Haw. Ct. App.

1992) (citations omitted).  A judgment of dismissal in its favor similarly supports a

finding that a party prevailed.  See Ranger Ins. Co. v. Hinshaw, 79 P.3d 119, 124

(Haw. 2003) (citations omitted); Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001)

(finding that "a defendant who succeeds in obtaining a judgment of dismissal is a

prevailing party for the purpose of [attorneys'] fees under HRS § 607-14").

Here, Plaintiffs do not dispute that Defendant is the prevailing party.

See ECF No. 192.  Of the ten claims asserted against Defendant, the Court entered

judgment on the pleadings for one count, granted summary judgment for seven

counts, and dismissed the remaining two counts.  See ECF No. 183.  The Court

finds that that Defendant has obtained final judgment in its favor on all claims at

issue and is the prevailing party in this action.

### B.   The Action is in the Nature of Assumpsit

Defendant next argues that, as the prevailing party, it is entitled to an

award of reasonable attorneys' fees pursuant to HRS Section 607-14.  See ECF No.

188-1 at 8.  Section 607-14 provides a legal basis for the recovery of fees in actions

that are "in the nature of assumpsit."  Haw. Rev. Stat. § 607-14.  "[I]n all actions in

the nature of assumpsit ... or other contract in writing that provides for an

attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party

6

and to be included in the sum for which execution may issue, a fee that the court

determines to be reasonable." Id. Assumpsit is a common law cause of action

which provides for "damages for non-performance of a contract, either express or

implied, written or verbal, as well as quasi contractual obligations." 808 Dev.,

LLC v. Murakami, 141 P.3d 996, 1013 (Haw. 2006) (citation and emphases

omitted).

   "Under Hawaii case law, an action in the nature of assumpsit includes

'all possible contract claims.'" Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir.

1997). For an action to be in the nature of assumpsit, "the plaintiff's primary

objective must be to obtain monetary relief for breach of the contract." Kahala

Royal Corp. v. Goodsill Anderson Quinn & Stifel, 151 P.3d 732, 761 (Haw. 2007).

To determine whether the action is in the nature of assumpsit, the court should

examine "the substance of the entire pleading, the nature of the grievance, and the

relief sought." S. Utsunomiya Enters., Inc. v. Moomuku Cnty. Club, 879 P.2d 501,

505 (Haw. 1994).

   The Court must "determine whether each individual claim alleged in a

complaint sounds in assumpsit or tort." Kona Enters, 229 F.3d at 885. Depending

on an analysis of the nature of Plaintiffs' individual claims, the Court may need to

apportion the request for attorneys' fees between the claims in the nature of

assumpsit and those claims.

1.  Individual Claims

Of the ten claims against Defendant, Plaintiffs argue that the misrepresentation and tortious fraud in the inducement claims sound in tort because the allegations are based upon misrepresentations Defendant made prior to the sales contract.  See ECF No. 192 at 5.  Plaintiffs also contend that statutory claims for "unfair or deceptive acts and practices" and "deceptive trade practices" under HRS Sections 480-2 and 481A are expressly excluded as actions in the nature of assumpsit.  Id.  Defendant argues that these contested claims "are based solely on Plaintiffs' contention that Defendant breached an express warranty or contractual language, specifically, that the panels were free of defects and that Defendant failed to honor its contractual warranties once the alleged defects were present."  See ECF No. 199 at 3.

As discussed in greater detail below, the Court finds that, of the ten claims asserted against Defendant, four are in the nature of assumpsit for purposes of Section 607-14.

a.  Count I – Fraudulent, Intentional, Reckless, or Negligent Misrepresentation

Misrepresentation claims typically sound in tort, even if related to a contract.  See TSA, 990 P.2d at 734 (holding that fraud claims related to a contract

still sound in tort); see also Kohala Agric. v. Deloitte & Touche, 949 P.2d 141, 144

(Haw. Ct. App. 1997).

Defendant argues that the fraudulent, intentional, reckless or negligent

misrepresentation claim is both contractual and tort-based.  See ECF No. 1-1 ¶ 69.

However, Defendant's alleged misrepresentations about the quality of the solar

panels were made *prior to* the entering into the contract.  See id. ¶ 66.  Even the

alleged misrepresentations about replacing damaged or defective panels were oral

representations made *prior to* entering into the contract.  Id.  Accordingly, the

Court finds that the misrepresentation claim in Count I sounds more in tort and is

not in the nature of assumpsit for purposes of Section 607-14.

### b.  Count II – Tortious Fraud in the Inducement

Fraud claims related to a contract similarly sound in tort.  See TSA,

990 P.2d at 734; see also Jou v. Adalian, No. CV 15-00155 JMS-KJM, 2018 WL

5289496, at *6 (D. Haw. Aug. 30, 2018) (finding that a claim flowing from

reliance on alleged false representations made to induce a party into entering in a

contract sounds in tort).  Again, the Court must evaluate each individual claim

including "the relief sought."  S. Utsunomiya Enters., Inc., 879 P.2d at 505.

As to this fraud claim in Count II, Defendant does not allege monetary

damages flowing from the non-performance of a contractual or quasi-contractual

obligation.  See ECF No. 1-1 ¶ 76.  Instead, Plaintiffs' relief sought relates to their

alleged reliance on Defendant's misrepresentations made to induce Plaintiffs to enter into the contract and purchase solar panels in the first place.  Id. Accordingly, based on the facts alleged and the relief sought, the Court finds that the fraud in the inducement claim sounds in tort and are not in assumpsit.

c.  <u>Counts III and IV – Claims under Hawaii Revised Statutes</u>

Statutory claims brought under Hawaii Revised Statutes are not in the nature of assumpsit.  This Court has held that deceptive practices claims under HRS Section 480 are not in the nature of assumpsit.  <u>See</u> <u>Au v. Republic State Mortg. Co.</u>, No. CIV. 11-00251 JMS, 2014 WL 770291, at *4 (D. Haw.).  Here, the Court finds that Plaintiffs' unfair or deceptive acts and practices claims in Counts III and IV are statutory claims brought under HRS Sections 480 and 481 and therefore not in the nature of assumpsit for purposes of Section 607-14.

d.  <u>Count V – Business Defamation and Disparagement</u>

Claims of business defamation and disparagement sounds in tort.  <u>See</u> <u>Hawaiian Ins. & Guar. Co. v. Blair, Ltd.</u>, 726 P.2d 1310, 1315 n.9 (Haw. Ct. App. 1986) (citing *Restatement (Second) of Torts* §§ 623A, *et seq.* (1977) and W. Prosser & W. Keeton, *The Law of Torts* § 128 (5th ed. 1984)) ("Trade libel or disparagement falls in the category of torts designated as "injurious falsehood" rather than "defamation.").  Accordingly, the Court finds that Count V is not in the nature of assumpsit for purposes of Section 607-14.

10

e.  Count VI – Unjust Enrichment

An unjust enrichment claim is quasi-contractual and is in the nature of assumpsit.  See Hong v. Kong, 683 P.2d 833, 841 (Haw. Ct. App. 1984) (citations omitted).  "From its inception as a form of action for breach of simple contract, assumpsit also evolved as 'a vehicle for recovery in quasi contract,' basically 'to deprive the defendant of an unjust enrichment.' Indeed, 'assumpsit will lie upon a promise implied by law, which arises to prevent one man from being inequitably enriched at another's expense.'"  Id.  Here, Plaintiffs' unjust enrichment claim in Count VI is based on Defendant's retention of Plaintiffs' payments for solar panels without Defendant honoring the warranty and replacing the defective panels.  See ECF No. 1-1 ¶ 112-13.  Accordingly, the Court finds that Plaintiffs' unjust enrichment claim is in the nature of assumpsit for purposes of Section 607-14.

f.  Count VII – Detrimental Reliance

Detrimental reliance is a claim that, depending on the circumstances of the allegation, could be in the nature of assumpsit or not.  To analyze Plaintiffs' detrimental reliance claim in Count VII, the Court again must evaluate the specific allegation including the relief sought.  S. Utsunomiya Enters., Inc., 879 P.2d at 505.  Here, like the misrepresentation claim in Count I discussed above, Plaintiffs allege damages based upon their reliance on Defendant's misrepresentations *prior to* entering the contract, which induced Plaintiffs to enter into the contract.  See

11

Jou, 2018 WL 5289496, at *6.  Accordingly, the Court finds that the detrimental

reliance claim does not involve damages based upon the non-performance of a

contractual or quasi-contractual obligation.

### g.  Count VIII – Breach of Contract

The Court finds that Plaintiffs' breach of contract claim is clearly in

the nature of assumpsit.

### h.  Count IX – Breach of Express Warranty

An action for breach of warranty is in the nature of assumpsit

because a warranty derives from the contractual relationship between buyer and

seller.  See Au v. Au, 626 P.2d 173, 180 (Haw. 1981).  Stated differently, a breach

of warranty is a breach of contract.  Here, Plaintiffs' breach of warranty claim is

based on the non-performance of an express contract obligation.  Accordingly, the

Court finds that Plaintiffs' breach of warranty claim is in the nature of assumpsit

for purposes of Section 607-14.

### i.  Count X – Breach of Duty to Mitigate Damages

The district court has determined that a claim by a plaintiff for breach

of duty to mitigate damages is more properly plead as an affirmative defense.  See

ECF No. 31 at 8.  If it were appropriately plead, the claim would be in nature of

assumpsit because it stems from an alleged breach of contract.

2.  Apportionment Between Assumpsit and Non-assumpsit Claims

The Court finds that four counts (Counts IV, VIII, IX and X) are in the nature of assumpsit for purposes of Section 607-14 and the remaining six counts (Counts I, II, III, IV, V) are non-assumpsit claims that more sound in tort. In a case involving both assumpsit and non-assumpsit claims, "a court must base its award of fees, ***if practicable***, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." TSA, 990 P.2d at 734 (citation omitted and emphasis added); see also Blair, 31 P.3d at 189.

Yet, sometimes it may be impracticable or impossible to apportion fees. See Blair, 31 P.3d at 190 (holding that it was impracticable to apportion fees when "the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit").  And a court may award reasonable attorneys' fees under Section 607-14 to a party who succeeds on a tort claim that is "inextricably linked" to a contract claim and decline to apportion fees.  Id.

When "the plaintiff's claims for relief involve a common core of facts or are based on related legal theories and much of counsel's time is devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis, … such a lawsuit cannot be viewed as a series of discrete claims."  See Porter v. Hu, 169 P.3d 994, 1021 (Haw. Ct. App. 2007)

13

(quoting <u>Hensley</u>, 461 U.S. at 435).  Here, factual allegations that gave rise to the

assumpsit claims also gave rise to the non-assumpsit claims.  Based on the Court's

review of counsel's time sheets, "it appears that counsel's time was devoted largely

to the litigation as a whole and not divisible into discrete slivers neatly matching

each claim advanced."  <u>Id.</u>

Accordingly, the Court finds that Plaintiffs' non-assumpsit claims in

this case are inextricably linked to the assumpsit claims and that it is impracticable

to apportion fees by claim in this case.

C.    <u>Calculation of Reasonable Attorneys' Fees</u>

The method of calculating attorneys' fees is also governed by state

law.  <u>See</u> <u>Mangold v. Cal. Pub. Utilities Comm'n</u>, 67 F.3d 1470, 1478 (9th Cir.

1995).  Hawaii courts assess the reasonableness of attorneys' fees based on a

method that is virtually identical to the traditional "lodestar" calculation set forth in

<u>Hensley v. Eckerhart</u>.  461 U.S. at 433; <u>see also</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d

1115, 1119 (9th Cir. 2000); <u>DFS</u>, 131 P.3d at 505.  The Court must determine a

reasonable fee by multiplying a reasonable hourly rate by the number of hours

reasonably expended.  <u>Hensley</u>, 461 U.S. at 433.  Once calculated, the "lodestar" is

presumptively reasonable.  <u>See</u> <u>Penns. v. Del. Valley Citizens' Council for Clean</u>

<u>Air</u>, 483 U.S. 711, 728 (1987); <u>see also</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating that

the lodestar figure should only be adjusted in rare and exceptional cases).

14

Defendant requests the following rates and hours for work performed

by its counsel:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Edmund K. Saffery | 291.3 | $330 | $96,129.00 |
| Thomas L. Benedict | 0.4 | $330 | $132.00 |
| Brett R. Tobin | 13.7 | $330 | $4,521.00 |
| Nicole Y. Altman | 4.7 | $330 | $1,551.00 |
| David J. Hoftiezer | 3.9 | $330 | $1,287.00 |
| Scott K. Shishido | 100.6 | $200 | $20,120.00 |
| Lynda L. Arakawa | 93.2 | $200 | $18,640.00 |
| Christopher K. Hikida | 580.0 | $200 | $116,000.00 |
| Lauren K. Chun | 203.7 | $200 | $40,740.00 |
| Joelle B. Yamamoto | 11.1 | $200 | $2,220.00 |
| Sara E. Wang (legal assistant) | 1.2 | $120 | $144.00 |
| Joyce Allen (legal assistant) | 2.2 | $120 | $264.00 |
| TOTAL | | | $301,748.00 |

1. <u>Reasonable Hourly Rate</u>

Hawaii courts have considered federal law when determining

reasonableness.  See, e.g., Gurrobat v. HTH Corp., 346 P.3d 197, 208 (Haw. 2015);

Schefke v. Reliable Collection Agency, Ltd., 32 P.3d 52, 89 (Haw. 2001).  The

Court finds that federal case law is instructive in determining a reasonable hourly

rate.  When determining whether hourly rates are reasonable, the Court "should be

guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir. 2002). Reasonable hourly rates should reflect the prevailing market rates in the community. See id.

Mr. Saffery is a partner and has over 27 years of legal experience. See ECF No. 188-2, Affidavit of Edmund K. Saffery, ¶ 12. Mr. Saffery is lead counsel in this case and oversees the litigation. Id. Mr. Benedict is a former partner and has 29 years of legal experience. See id. ¶ 13. Mr. Benedict contributed to this case by providing input on affirmative defenses. Id. Mr. Tobin is a partner and has 15 years of legal experience. See id. ¶ 15. Mr. Tobin's involvement in this case includes drafting discovery responses analyzing discovery issues. Id. Ms. Altman is a former partner with 11 years of legal experience. See id. ¶ 16. Ms. Altman contributed to this case by preparing discovery requests. Id. Mr. Hoftiezer is a partner and has 8 years of experience. See id. ¶ 14. Mr. Hoftiezer was involved in this case by developing a strategy for summary judgment and responses to expert reports. Id. Mr. Shishido is a former associate and has 9 years of experience. See id. ¶ 17. Mr. Shishido's contributions to this case included factual research and drafting discovery requests and responses. Id. Ms. Arakawa is a former associate and has 8 years of experience. See id. ¶ 18. Ms. Arakawa was involved in various aspects of the litigation including discovery and

Defendant's opposition to remand and answer.  Id.  Mr. Hikida is an associate and has 6 years of experience.  See id. ¶ 19.  Mr. Hikida's contributions include drafting motions, conducting discovery, and preparing for settlement conferences. Id.  Ms. Chun is an associate and has 5 years of experience. See id. ¶ 20.  Ms. Chun was involved in discovery, settlement, and motions practice.  Id.  Ms. Yamamoto is an associate and has 4 years of experience.  See id. ¶ 21.  Ms. Yamamoto contributed to this case by conducting research for Defendant's reply in support of its Motion for Summary Judgment.  Id.

It is the responsibility of the fee applicant to submit evidence to support the requested hourly rate.  See Camacho v. Bridgeport Fin., Inc., 523 F. 3d 973, 980 (9th Cir. 2008).  Counsel submitted an affidavit with the Motion which asserts that the requested rates are reasonable and appropriate in this jurisdiction. See ECF No. 188-2 ¶ 26.  Counsel provides that the requested rates reflect a blended rate structure agreed to with Defendant.  See id. ¶ 11.  Plaintiffs do not object to the requested rates.  See ECF No. 192.  Affidavits by counsel about the prevailing rates in the community are satisfactory evidence of the prevailing rate. See Camacho, 523 F. 3d at 980. [4]  Accordingly, the Court finds the requested rates to be reasonable.

---

[4] The Ninth Circuit recently reiterated that the declarations of counsel submitted in support of the Motion reflect the attorneys' education, experience, and hourly rates in the community should be considered by the district court as

a.  Legal Assistants' Hourly Rate

It is the prevailing practice in this community is to allow separately billed paralegal fees.  See Marc M. ex rel. Aidan M. v. Dep't of Educ., Haw., No. CIV. 10-00195 DAE, 2011 WL 5320752, at *6 (D. Haw.), adopted by, No. CIV. 10-00195-DAE, 2011 WL 2444670 (D. Haw.).  Defendant has the burden of demonstrating that the request for $120 per hour for paralegal fees reflects the prevailing community rates for similar services.  See Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).

Defendant requests an hourly rate of $120 for both Ms. Allen and Ms. Wang.  Ms. Allen has 29 years of experience.  See ECF No. 188-2 ¶ 22.  Ms. Wang has 3 years of experience.  See id. ¶ 23.  Counsel submitted an affidavit with the Motion which asserts that the requested rates are reasonable and appropriate in this jurisdiction.  See id. ¶ 26.  For similar reasons as stated above, the Court finds that the requested rate of $120 is reasonable.

2.  Hours Reasonably Expended

The Court also finds that federal case law is instructive in determining the hours reasonably expended.  The Court must assess whether the requested hours expended were reasonably necessary to achieve the results obtained.  See

---

sufficient evidence to establish the prevailing market rates.  See Roberts v. City of Honolulu, No. 16-16179, 2019 WL 4308874, at *3-*4 (Sept. 12, 2019).

Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993)

(citations omitted).  Time expended on work deemed "excessive, redundant, or

otherwise unnecessary" shall not be compensated.  See Gates v. Deukmejian, 987

F.2d 1392, 1399 (9th Cir. 1992) (quoting Hensley, 461 U.S. at 433-34).  Courts

must guard against awarding fees and costs which are excessive and must

determine which fees and costs were self-imposed and avoidable.  Id. at 637 (citing

INVST Fin. Grp. v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).

Plaintiffs argue that Defendant's time entries are excessive because

five partners, five associates, and two legal assistants billed a combined total of

1,463 hours on a case that did not go to trial.  See ECF No. 192-2 at 6-7.  Plaintiffs

also assert that Defendant's time entries are duplicative.  Id. at 7.  Plaintiffs point

to several time entries that Plaintiffs argue reflect duplicative conferences,

meetings, and work.  Id.

The Court has carefully reviewed counsel's time entries and finds that

reductions are appropriate for (1) telephone conferences, (2) clerical or other non-

compensable work, (3) overly redacted time entries, (4) excessive or duplicative

hours, and (5) block-billed time.

a.  Telephone Conferences

Counsel's timesheets include several entries for telephone

conferences.  Pursuant to Local Rule 54.3(d)(2), time entries for telephone

19

conferences must include an identification of all participants and the reason for the call.  See L.R. 54.3(d)(2).[5]  The Court has carefully reviewed counsel's time entries and finds that several time entries referencing a telephone call do not include the information required under Local Rule 54.3(d)(2).  For example, Mr. Hikida's 10/24/2018 time entry does not identify with specificity who participated in the telephone conference.  See ECF No. 188-18 at 67 (the entry includes only "Review expert reports; call with team regarding same").  Mr. Saffery's 3/9/2018 time entry does not identify the reason for the call.  See id. at 112 (the entry reflects only "Prepare for and t/c with S. Chaudhary").  Accordingly, the Court deducts 1.9 hours from Mr. Saffery's time[6] and 1.7 hours from Mr. Hikida's time.[7]

### b.  Clerical and Other Non-Compensable Entries

Counsel billed for certain tasks that are considered clerical in this district.  Clerical costs are considered overhead and are reflected in the attorney's charged hourly rate.  See Jeremiah B. v. Dep't of Educ., Civil No. 09–00262 DAE–

---

[5]  The newly amended Local Rules contain an identical provision.  See L.R. 54.2(f)(3) (providing that "time entries for telephone conferences must include an identification of all participants and the reason for the call").

[6]  Mr. Saffery's unspecified telephone conference entries were on 1/3/2018 (0.8), 3/9/2018 (0.6), and 4/25/2018 (0.5).  See ECF No. 188-18 at 107, 112, 121.

[7]  Mr. Hikida's unspecified telephone conference entries were on 10/24/2018 (1.4) and 1/31/2019 (0.3).  See id. at 38, 67.

LEK, 2010 WL 346454, at *5 (D. Haw.) (citing Sheffer v. Experian Info.

Solutions, Inc., 290 F.Supp.2d 538, 549 (E.D. Pa. 2003)).  Certain tasks including

preparing and filing documents with the court; copying, printing, and scanning

documents; receiving, downloading, and emailing documents; communicating with

Court staff; and identification and organization of exhibits are "deemed clerical or

ministerial in this district and therefore deemed non compensable[.]"  Crawford v.

Japan Airlines, No. CIV. 03–00451 LEK, 2014 WL 1326576, at *4 (D. Haw.),

adopted by No. CIV. 03–00451 LEK, 2014 WL 1326580 (D. Haw.).  Further,

"[t]asks such as reviewing Court-generated notices, notifying clients of court

hearings, filing documents with the Court, communication with court staff,

scheduling, and corresponding regarding deadlines, are clerical and not

compensable."  Robinson v. Plourde, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010)

(citing Jeremiah, 2010 WL 346454, at *5) (citation omitted).  Similarly, preparing

a litigation plan or budget, while useful to attorneys, is not reasonably necessary to

the litigation of a case and is thus not compensable.  See Sheehan v. Centex

Homes, 853 F. Supp. 2d 1031, 1044 (D. Haw. 2011).

   Counsel billed for a number of these clerical tasks such as

communicating about upcoming deadlines, reviewing schedules, and organizing

exhibits, as well as non-clerical tasks such as preparing a litigation plan and

budget.[8]  Furthermore, some of the clerical tasks were block-billed in a single time entry with other compensable tasks.[9]  The Court recommends exclusion of the entire entry, even if entire time entry may not have involved clerical tasks, because block billing precludes the Court from reasonably apportioning the time between the clerical task and the compensable task.  I.T. v. Dep't of Educ., Haw., 18 F. Supp. 3d 1047, 1054 (D. Haw. 2014) ("[I]n light of the fact that this Court cannot determine how much of the 2.3 hours attributed to the entry as a whole was spent on the legal services [versus clerical work], this Court agrees with the magistrate judge that the entire entry should be excluded as improper block billing.").

Having carefully reviewed counsel's time entries, the Court finds that several time entries are for clerical or other non-compensable activities.

---

[8] The following are examples of clerical or budget-related tasks: (1) Mr. Saffery's 1/14/2019 entry ("Work on litigation plan and budget), (2) Mr. Hikida's 12/12/2018 entry ("[C]all with client regarding upcoming deadlines."), (3) Mr. Hikida's 2/5/19 entry ("Organize exhibits for commercial plaintiffs deposition"), (4) Ms. Chun's 1/15/2019 entry ("Review draft of case budget"), (5) Mr. Shishido's 8/6/2018 entry ("Review Third Amended Rule 16 Scheduling Order").  See id. at 22, 29, 31, 46, 77.

[9] For example, Mr. Hikida's 11/20/2018 time entry ("Edit and revise Motion for summary judgment, statement of material facts, and declarations; cite check brief;…ensure the brief is consistent with the expert reports") would be compensable, but the inclusion of clerical tasks ("prepare exhibits; prepare all documents for filing") within the same time entry precludes the Court from accurately apportioning time between tasks.  See id. at 57.

Accordingly, the Court deducts 7.4 hours from Mr. Saffery's time,[10] 43.9 hours

from Mr. Hikida's time,[11] 0.4 hours from Ms. Chun's time,[12] and 0.1 hours from

Mr. Shishido's time.[13]

### c. Overly Redacted Entries

Counsel's timesheets contain several redacted entries. Pursuant to

Local Rule 54.3(d)(2), "[i]f the time descriptions are incomplete, or if such

descriptions fail to describe adequately the services rendered, the court may reduce

the award accordingly." L.R. 54.3(d)(2).[14] The Court has carefully reviewed

counsel's time entries and finds that several entries are too heavily redacted for the

Court to determine the reasonableness of the fees requested. For example, Mr.

---

[10] Mr. Saffery's clerical or budget-related time entries were on 11/18/2016 (0.5), 2/7/2017 (1.0), 4/5/2017 (0.3), 9/13/2017 (0.4), 9/14/2017 (1.4), and 1/14/2019 (3.8). See id. at 29, 133, 150, 159, 170.

[11] Mr. Hikida's clerical or budget-related time entries were on 11/19/2018 (10.3), 11/20/2018 (14.7), 11/28/2018 (0.7), 12/12/2018 (2.3), 1/7/2019 (0.8), 1/9/2019 (1.5), 1/14/2019 (0.2), 1/18/2019 (4.9), 2/5/2019 (4.5), 3/5/2019 (1.0), 3/14/2019 (1.3), 3/22/2019 (1.3), and 3/29/2019 (0.4). See id. at 10, 12-13, 22, 33-36, 45-46, 57-58.

[12] Ms. Chun's budget-related time entry was on 1/15/2019 (0.4). See id. at 31.

[13] Mr. Shishido's clerical time entry was on 8/6/2018 (0.1). See id. at 77.

[14] The newly amended Local Rules contain an identical provision. See L.R. 54.2(f)(3) (amended on September 1, 2019) (providing that "[i]f the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly").

Shishido's 6/26/2018 time entry ("Review emails pertaining ████████████████") is too heavily redacted for the Court to determine whether it is a compensable time entry.  See ECF No. 188-16 at 96.  Similarly, Mr. Hikida's 1/4/2019 time entry ("analyze ██████████████") is too heavily redacted to determine what was being analyzed and if that time is compensable.  See id. at 33.  Accordingly, the Court deducts 1.6 hours from Mr. Saffery's time,[15] 20 hours from Mr. Hikida's time,[16] 1.3 hours from Ms. Chun's time,[17] and 0.5 hours from Mr. Shishido's time.[18]

### d.  Excessive or Duplicative Entries

Counsel includes in its timesheets entries where multiple attorneys have billed for the same activity.  Generally, the Court does not permit more than one attorney to bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel.  See Seven Signatures Gen.

---

[15] Mr. Saffery's overly-redacted time entries were on 9/28/2018 (0.5), 11/1/2018 (0.3), 11/30/2018 (0.3), and 12/10/2018 (0.5).  See ECF No. 188-18 at 42, 51, 53, 71.

[16] Mr. Hikida's overly-redacted time entries were on 10/10/2018 (6.3), 11/30/2018 (3.9), 12/19/2018 (0.5), 1/4/2019 (1.9), 1/7/2019 (2.4), 1/10/2019 (3.1), and 1/11/2019 (1.9).  See id. at 33-34, 46, 58, 66.

[17] Ms. Chun's overly-redacted time entry was on 6/4/2018 (1.3).  See id. at 93.

[18] Mr. Shishido's overly-redacted time entry was on 6/26/2018 (0.5).  See id. at 96.

P'ship v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1055 (D. Haw. 2012).

"In such a situation, the Court typically deducts the time spent by the lowest-

billing attorney."  Id.  The Court recognizes that litigation often requires the

participation of multiple attorneys.  See Hawaii Def. Found. v. City & Cty. of

Honolulu, No. CIV. 12-00469 JMS, 2014 WL 2804448, at *8 (D. Haw.) (noting

that proceedings may require "the participation of multiple attorneys," but

"overstaffing cases inefficiently is common, and district courts are therefore

encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers

seek fees").

> Plaintiffs identify several time entries that reflect duplicative billing

for meetings.  For example, the following time entries reflect meeting with co-

counsel: "Meet with C. Hikida and L. Chun to discuss structure of reply memo'

(Saffery, 3/18/19)" and "Confer with L. Chun and C. Hikida re order of

depositions, preparations for same, and selection of timing and dates to conduct

depositions" (Saffery, 1/15/19)."  See ECF No. 192 at 8.  The Court finds certain

entries identified by Plaintiffs, as well as other entries Plaintiffs did not identify,

must be reduced because multiple attorneys billed for attending the same

conference.[19]

---

[19] For example, Mr. Saffery, Mr. Hikida, and Ms. Chun all billed for a conference on 1/15/2019 to discuss deposition planning.  See id. at 30-31, 35.

25

Having carefully reviewed counsel's time entries, the Court finds that several entries, for which multiple attorneys billed, must be reduced by deducting the time of the lower-billing attorneys. Accordingly, the Court deducts 18.4 hours from Mr. Hikida's time,[20] 11.9 hours from Ms. Chun's time,[21] 2.5 hours from Mr. Shishido's time,[22] 3.1 hours from Ms. Arakawa's time,[23] and 0.1 hours from Ms. Yamamoto's time.[24]

---

[20] Mr. Hikida's duplicative time entries were for conferences with Mr. Saffery on 12/24/2018 (1.0), 1/23/2019 (3.6), 2/28/2019 (0.8), 3/1/2019 (0.7), and 3/18/2019 (1.5), and conferences with Mr. Saffery and Ms. Chun on 9/20/2018 (0.5), 10/19/2018 (1.6), 10/25/2018 (0.8), 10/31/2018 (0.7), 11/2/2018 (1.9), 1/15/2019 (1.3), 2/19/2019 (1.0), and 4/5/2019 (3.0). See id. at 3, 10, 12, 24-25, 35, 37, 47, 55, 66-68, 73.

[21] Ms. Chun's duplicative time entries were for conferences with Mr. Saffery on 1/16/2018 (2.5) and 4/30/2018 (0.6), conferences with Mr. Saffery and Mr. Hikida on 10/25/2018 (0.8), 11/1/2018 (0.5), 11/2/2018 (1.0), 11/9/2018 (0.7), 1/15/2019 (1.3), 1/22/2019 (0.7), and 2/12/2019 (2.0), conferences with Mr. Saffery and Ms. Arakawa on 3/13/2018 (0.7) and 3/28/2018 (0.6), and a conference with Mr. Saffery and Mr. Shishido on 5/17/2018 (0.5). See id. at 20, 31-32, 53-54, 65, 101, 108, 114, 124.

[22] Mr. Shishido's duplicative time entries were for a conference with Mr. Saffery, Ms. Chun and Ms. Arakawa on 12/15/2017 (0.9), and conferences with Mr. Saffery and Ms. Chun on 5/17/2018 (0.5), 5/31/2018 (0.3), 7/13/2018 (0.3), and 7/24/2018 (0.5). See ECF No. 188-16 at 86-87, 103-104, 129.

[23] Ms. Arakawa's duplicative time entries were for conferences with Mr. Saffery on 11/4/2016 (1.9), 4/27/2017 (0.6), 7/17/2017 (0.4), and 3/28/2018 (0.2). See id. at 113, 137, 152, 170.

[24] Ms. Yamamoto's duplicative time entry was for a conference with Mr. Saffery on 3/19/2019 (0.1). See id. at 13.

e. Block-Billed Entries

Block billing is a time-keeping method in which the timekeeper enters the total daily time spent working on a case instead of separate entries for each task or activity. The Court may reduce hours that are billed in block format. See JJCO, Inc. v. Isuzu Motors Am., Inc., No. 08-00419 SOM-LEK, 2010 WL 3001924, at *12 (D. Haw.), *adopted by*, No. CIV 08-00419 SOM/LEK, 2010 WL 4272980 (D. Haw.); see also Welch v. Metrop. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). Block billing makes it difficult for the court to determine how much time was spent on each individual task and the reasonableness of the fees requested. See Welch, 480 F.3d at 948. Consequently, "the Court may properly impose a reduction for block billing, but it should 'explain how or why … the reduction fairly … balance[s]' those hours that were actually billed in block format." Id. (quoting Sorenson, 239 F.3d at 1146).

Defendant's counsel, particularly Mr. Hikida, block-billed several time entries and the Court finds that some[25] of the block-billed entries must be reduced by a percentage.[26] The Court finds that a fifteen percent reduction to Mr.

---

[25] The Court does not deduct a percentage for *all* block-billed time entries because some entries have already been deducted for reasons discussed above.

[26] Examples of block-billed entries include Mr. Hikida's 12/14/18 entry ("Edits to letter regarding discovery responses; review new document production") and Mr. Hikida's 11/06/18 entry ("Continue drafting arguments in

27

Hikida's block-billed entries fairly balances those hours that were block-billed.

See Au v. Funding Grp., Inc., 933 F. Supp. 2d 1264, 1277 (D. Haw. 2013)

(reducing block-billed time by fifteen percent); Robinson, 717 F. Supp. 2d at 1100

(reducing block-billed time by fifteen percent).  Of the 580 hours billed by Mr.

Hikida, 45.7 hours were block billed and, therefore, the Court deducts 6.9 hours

from Mr. Hikida's time.[27]

### f.  Legal Assistant Fees

The Court will now address the reasonableness of legal assistants'

fees.  Plaintiffs argue that the work performed by Defendant's legal assistants is

not compensable.  See ECF No. 192 at 9.  However, "a request or award

of attorneys' fees may include compensation for separately billed legal services

performed by a paralegal, legal assistant, or law clerk."  Blair, 31 P.3d at 191.  The

work must be legal work that would otherwise have been required to be performed

by a licensed attorney at a higher rate.  Id. (citing Cont'l Townhouses E. Unit One

Ass'n. v. Brockbank, 733 P.2d 1120 (Ariz. Ct. Ap. 1986)).  Plaintiffs argue that it

---

summary judgment motion; review Sumit's summary of his analysis; research IEC
standard for PV modules.")  See id. at 46, 56.

[27] Mr. Hikida block-billed a total of 45.7 hours on 9/12/2018 (5.6),
9/13/2018 (4.1), 10/19/2018 (2.6), 10/24/2018 (2.6), 10/29/2018 (2.5), 11/6/2018
(3.0), 11/26/2018 (1.4), 12/14/2018 (2.0), 12/19/2018 (1.2), 12/20/2018 (1.0),
12/21/2018 (1.3), 12/28/2018 (3.7), 1/16/2019 (1.0), 1/17/2019 (3.6), 1/21/2019
(2.0), 1/22/2019 (2.5), 1/31/2019 (1.9), and 2/21/2019 (3.7).  See id. at 24, 36, 38,
46-48, 55, 58, 66-68, 72-73.

is unclear what type of research was performed and that the research may include

identifying and gathering documents, which is more clerical than legal in nature.

See ECF No. 192 at 10.  The work performed by counsel's legal assistants involves

researching prior litigation related to this case.  See ECF No. 188-16 at 139, 178.

For example, Ms. Wang's 10/19/2019 entry provides she was conducting

"[r]esearch at First Circuit court regarding various motions from prior litigation."

Id. at 178.  Researching prior litigation related to the case is of a legal nature and

would have been performed by a licensed attorney at a higher rate.  See Blair, 31

P.3d at 192.  Accordingly, the Court finds that the tasks performed by counsel's

legal assistants are reasonable and therefore compensable.

Having carefully reviewed the remaining time entries submitted by

Defendant's counsel, the Court finds that the remaining hours requested are

reasonable.

3.  Total Lodestar Calculation

Based on the foregoing, the Court finds that Defendant has established

the appropriateness of an award 1,184.3 hours at the requested rates, which

represents a 121.7-hour reduction from the number of hours originally requested,

totaling in an award of $275,991.00.

| Attorney | Hours | Rate | Total |
|----------|-------|------|-------|

| | | | |
|---|---|---|---|
| Edmund K. Saffery | 280.4[28] | $330 | $92,532.00 |
| Thomas L. Benedict | 0.4 | $330 | $132.00 |
| Brett R. Tobin | 13.7 | $330 | $4,521.00 |
| Nicole Y. Altman | 4.7 | $330 | $1,551.00 |
| David J. Hoftiezer | 3.9 | $330 | $1,287.00 |
| Scott K. Shishido | 97.5[29] | $200 | $19,500.00 |
| Lynda L. Arakawa | 90.1[30] | $200 | $18,020.00 |
| Christopher K. Hikida | 489.1[31] | $200 | $97,820.00 |
| Lauren K. Chun | 190.1[32] | $200 | $38,020.00 |
| Joelle B. Yamamoto | 11.0[33] | $200 | $2,200.00 |
| Sara E. Wang (legal assistant) | 1.2 | $120 | $144.00 |
| Joyce Allen (legal assistant) | 2.2 | $120 | $264.00 |
| SUBTOTAL | | | $275,991.00 |
| General Excise Tax | | 4.712% | $13,004.70 |
| TOTAL | | | $288,995.70 |

[28] 291.3 hours requested - 1.9 hours for unspecified telephone conferences - 7.4 hours for clerical or non-compensable tasks - 1.6 hours for overly redacted time = 280.4 hours.

[29] 100.6 hours requested - 0.1 hours for clerical or non-compensable tasks - 0.5 hours for overly redacted time - 2.5 for duplicative entries = 97.5 hours.

[30] 93.2 hours requested - 3.1 for duplicative entries = 90.1 hours.

[31] 580 hours requested - 1.7 hours for unspecified telephone conferences - 43.9 hours for clerical or non-compensable tasks - 20 hours for overly redacted time - 18.4 hours for duplicative entries - 6.9 hours for block billing = 489.1 hours.

[32] 203.7 hours requested - 0.4 hours for clerical or non-compensable tasks - 1.3 hours for overly redacted time - 11.9 for duplicative entries = 190.1 hours.

[33] 11.1 hours requested - 0.1 for duplicative entries = 11.0 hours.

4.  <u>Twenty-Five Percent Limitation</u>

Section 607-14 limits attorneys' fees paid by the losing party to
twenty-five percent of the amount sued for if the defendant obtains judgment.  <u>See</u>
Haw. Rev. Stat. § 607-14.  Plaintiffs sought $808,677.55 in compensatory general
damages.  <u>See</u> ECF No. 1-1, Prayer for Relief, ¶ 2.  Plaintiffs also sought "general
special, consequential and punitive damages in such amounts as will be proven at
trial."  <u>See</u> <u>id.</u> ¶ 3.  Defendant argues that because Plaintiffs sought additional
unspecified damages, the amount prayed for is unidentifiable.  <u>See</u> ECF No. 188-1
at 16.

When the complaint does not specify the total amount sought in relief,
courts have looked to other filings.  <u>See</u> <u>e.g.</u> <u>JJCO</u>, 2010 WL 3001924, at *13;
<u>Schmidt v. Allstate Ins. Co.</u>, No. CIV. 05-00480DAE-KSC, 2008 WL 4753276, at
*5 (D. Haw.).  Alternatively, here, Defendant asks the Court to use the amount that
Plaintiffs provided in their verified interrogatory response.  <u>See</u> <u>id.</u> at 17.  Here,
Plaintiffs, in a verified response to an interrogatory asking Plaintiffs to state all
damages sought, responded with $501,064.75 for damages resulting from the
Settlement Agreements and Second Amendment of Asset Purchase Agreement
Regarding All Projects and $2,537,000 for future damages resulting from snail
trails on solar panels purchased from Defendant, for a total of $3,038,064.74 in
damages.  <u>See</u> ECF No. 188-5 ¶ 15.  Accordingly, the Court finds that Plaintiffs

sued Defendant for $3,038,064.74 and the recommended award of attorneys' fees in this Order is well within the statutory twenty-five percent limitation.[34]

Defendant requests general excise tax for the fee award.  See ECF No. 188-2 ¶ 27.  The Court finds that the Defendant is entitled to recover $13,004.70 of general excise tax on the fee award.[35]  See Annette K. v. Haw. Dep't of Educ., No. 12-00154 HG-BMK, 2013 WL 3731102, at *3 (D. Haw.) (citations and quotation omitted) ("[G]enerally, it is common practice for district courts to award general excise tax when awarding attorney's fees.").

D.   Non-Taxable Costs

The Court now turns to Defendant's request for non-taxable costs. Defendant's seeks $62,760 in non-taxable costs.  Although Section 607-14 does not expressly authorize an award of non-taxable costs in addition to attorneys' fees, courts have awarded non-taxable costs pursuant to Section 607-14.  See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., No. CIV. 09-00181 LEK-KSC, 2015 WL 881577, at *20-*21 (D. Haw.).

1.   Expert Fees

Defendant requests $60,790.06 in expert witness fees for Dr. Chaudhary.  Expert witness fees in this jurisdiction have been awarded pursuant to

---

[34] $3,038,064.74 x 0.25 = $759,516.19
[35] $275,991.00 x 0.04712 = $13,004.70

HRS § 607-14.  See Deguchi v. Allstate Ins. Co., Civil No. 07–00144 JMS–LEK,

2008 WL 4344741, at *9 (D. Haw.); BlueEarth Biofuels, 2015 WL 881577, at *21.

Dr. Chaudhary is a solar panel expert who advised Defendant's counsel, provided

analysis of literature, conducted testing and analysis on Defendant's solar panels,

attended a deposition, and prepared an expert report and rebuttal report responding

to Plaintiffs' report.  See ECF No. 188-1 at 33-34.  Defendant provided

documentation for the requested expenses.  See ECF No. 188-18.

Plaintiffs argue that expert witness fees are not recoverable because

Dr. Chaudhary is not licensed to do engineering work in Hawaii.  See ECF No. 192

at 11.   Defendant counters that a Hawaii engineering license is not required

provide expert testimony.  See ECF No. 199 at 8.  "It is not necessary, however,

for the expert witness to have the highest possible qualifications to enable him or

her to testify as an expert."  Yap v. Controlled Parasailing of Honolulu, Inc., 873

P.2d 1321, 1327 (Haw. 1994).  "[I]t is within the province of the trier of fact to

weigh the evidence and to assess the credibility of the witnesses, and this court will

refrain from interfering in those determinations."   LeMay v. Leander, 994 P.2d

546, 558 (Haw. 2000).

Plaintiffs further argue that if the expert fees are allowed, the fees

should be denied for being excessive and unreasonable.  See ECF No. 192 at 11.

Plaintiffs identify invoices for professional services rendered by Dr. Chaudhary

that show billable time for not only Mr. Chaudhury, but also for other employees.
Id.  Plaintiffs assert that the invoices are lacking detail as to what kind of work the
other employees performed.  Id.  Defendant counters that there is sufficient detail
as to the work performed by both Dr. Chaudhary and the other employees in the
invoices attached to the Motion and that the time spent is not excessive given the
highly technical nature of the case and the successes obtained.  See ECF No. 199 at
9-10.

       The Court has reviewed the invoices and finds that the time entries are
sufficiently described.  The time entries begin on March 29, 2018 and finish on
January 24, 2019.  See ECF No. 188-18.  All of the time entries fall in between the
filing of the complaint and judgment in favor of Defendant.  See Deguchi, 2008
WL 4344741, at *9 (finding that expert witness fees incurred prior to the complaint
are not compensable).  The Court finds that Dr. Chaudhary was necessary to
Defendant's defense in this case and that the $60,790.06 in expert witness fees are
therefore reasonable.

       2.  Travel Expenses

       Defendant requests $1,969.95 in travel expenses to attend three
depositions in California.  Defendant requests airfare, hotel, and ground
transportation costs incurred by counsel while attending the depositions.  See ECF
No. 188-1 at 35.  Plaintiffs do not oppose this request.  See ECF No. 192 at 10.

34

Necessary and reasonable travel expenses may be recovered as a non-taxable cost.

Ko Olina Dev., LLC v. Centex Homes, No. CV. 09-00272 DAE-LEK, 2011 WL

1235548, at *15 (D. Haw. Mar. 29, 2011).  Defendant provided documentation for

the requested expenses.  See ECF No. 188-19.  The Court has reviewed the

provided documentation and it appears that these expenses were reasonable and

necessary.  Accordingly, the Court finds that the $1,969.95 in travel expenses is

compensable.

### E.  Post-Judgment Interest

Defendant's Motion also requests an award of post-judgment interest

on the judgment amount pursuant to 28 U.S.C. § 1961.  See ECF No. 188-1 at 36.

Plaintiffs do not address this request in their Response.  See ECF No. 192.  The

Court recommends that Defendant be awarded post-judgment interest at the

applicable rate.


## CONCLUSION

In accordance with the foregoing, the Court FINDS and

RECOMMENDS that Defendant Rensola America's Motion for Attorney's Fees

and Costs be GRANTED IN PART and DENIED IN PART.  The Court

RECOMMENDS that Defendant be awarded $275,991.00 in attorneys' fees, plus

general excise tax of $13,004.70, non-taxable costs of $62,760.01, and post-judgment interest at the applicable rate.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 26, 2019.



_____

Wes Reber Porter
United States Magistrate Judge

**ADON CONSTRUCTION INC., ET. AL. v. RENESOLA AMERICA INC., ET. AL.; CIV. NO. 16-00568 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT RENSOLA AMERICA, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS**